1  Marc A. Fenster, SB # 181067
   Email: mfenster@raklaw.com
2  Robert F. Gookin, SB # 251601
   Email: rgookin@raklaw.com
3  RUSS, AUGUST & KABAT
   12424 Wilshire Boulevard, 12th Floor
4  Los Angeles, California  90025
   Telephone:   310/826-7474
5  Facsimile:   310/826-6991

6  Attorneys for Defendants
   Garry Vacuum, LLC and Envion, LLC
7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11  DYSON, INC.                        Case No. CV10-1626 MMM (VBKx)

12                 Plaintiff,          [Assigned to The Honorable Margaret M.
                                       Morrow]
13         v.
                                       **DEFENDANTS GARRY VACUUM,**
14                                     **LLC'S AND ENVION, LLC'S**
    GARRY VACUUM, LLC and             **ANSWER TO PLAINTIFF DYSON,**
15  ENVION, LLC,                       **INC.'S COMPLAINT FOR**
                                       **INJUNCTION, DAMAGES AND**
16                 Defendants.         **OTHER RELIEF**

17
                                       **DEMAND FOR JURY TRIAL**
18

19
                                       Complaint filed:  March 4, 2010
20

21

22

23

24

25

26

27

28
   **DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF**
   **DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

                                       **Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

Russ, August & Kabat

Defendants Garry Vacuum, LLC ("Garry") and Envion, LLC ("Envion")(collectively, "Defendants"), by and through the undersigned attorneys, answer the Complaint for Injunction, Damages, And Other Relief ("Complaint") of Plaintiff Dyson, Inc. ("Plaintiff") as follows.   For the Court's convenience, each numbered paragraph of the Complaint is reproduced below, followed by Defendants' response.

## INTRODUCTION

### 1.   COMPLAINT

This is a civil action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and related violations of the California False Advertising and Unfair Competition Acts, Cal. Bus. & Prof. Code § 17500 *et seq*. and § 17200 *et seq*., and California common law.  Dyson seeks permanent injunctive relief, statutory, punitive, and compensatory damages, attorneys' fees, and Defendants' profits.

### ANSWER TO PARAGRAPH NO. 1:

Defendants admit that Plaintiff purports to state causes of action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a), and related violations of the California False Advertising and Unfair Competition Acts, Cal. Bus. & Prof. Code § 17500 *et seq*. and § 17200 *et seq*., and California common law.  Defendants expressly deny that they have engaged in any of the wrongful or illegal activities alleged in the Complaint and further expressly deny that Plaintiff is entitled to any relief whatsoever.

### 2.   COMPLAINT

Dyson sells and distributes vacuum cleaners, other consumer products and related accessories. Dyson's products are widely known in the United States and abroad as highly innovative in the vacuum industry. Dyson's top-quality vacuum cleaners have taken the U.S. market by storm due to their patented advancements in both design and functionality.

1

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

**ANSWER TO PARAGRAPH NO. 2:**

Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and on that basis deny those allegations.

**3.   COMPLAINT**

Dyson sells several different upright vacuum models in the U.S.  Currently, Dyson's most popular vacuum model in the U.S. is the Dyson DC25 model. The success of the DC25 All Floors model is due, in large part, to two incomparable features that provide advances over other competing vacuums: (1) Dyson's patented Dyson Ball™ technology, which allows for increased maneuverability of the vacuum cleaner over standard wheeled upright vacuums and (2) Dyson's patented cyclonic technology which results in exceptional cleaning capability.

**ANSWER TO PARAGRAPH NO. 3:**

Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and on that basis deny those allegations.

**4.   COMPLAINT**

Defendants sell and offer for sale in the U.S. a vacuum cleaner called the Garry™ Ultra-Light Upright Vacuum by Envion™ (the "Garry Vacuum").  The Garry Vacuum competes with the DC25 and other Dyson vacuum cleaners in the U.S. market for household upright vacuum cleaners.   In Defendants' advertising at issue in this case, Defendants repeatedly and explicitly compare the Garry Vacuum to the Dyson DC15 vacuum cleaner, a model that Dyson phased out almost two years ago, as well as to Dyson vacuums generally.   In these comparisons, Defendants claim that the Garry Vacuum performs equally as well as, or better than, Dyson vacuums in various respects. In fact, testing performed using industry-accepted test methods show that Dyson's vacuum cleaners vastly outperform the

RUSS, AUGUST & KABAT

2

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

Garry Vacuum. Moreover, contrary to Defendants' advertising claims, the Garry Vacuum does not even approach the technological advances of Dyson vacuum cleaners. Dyson vacuum cleaners are high-end machines with the finest mechanical engineering in the market; the Garry Vacuum is not even remotely equivalent in design or performance.

## ANSWER TO PARAGRAPH NO. 4:

Defendants admit that they sell the Garry™ Ultra-Light Upright Vacuum. Defendant Garry further admits that its advertising contains generalized claims of superiority to other vacuum cleaners, including those sold by Plaintiff.   Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

## 5.   COMPLAINT

This action arises from an aggressive advertising campaign for the Garry Vacuum that Defendants continue to run in this District and throughout the U.S. In their advertisements, Defendants attempt to piggyback off the fame of the Dyson brand, and consumer understanding of the superior features and performance of Dyson vacuums, by portraying the Garry Vacuum as the lower-cost performance equivalent of Dyson vacuum cleaners, and in some respects even as superior to Dyson vacuums. Defendants' advertisements make direct comparisons to Dyson upright vacuum cleaners that falsely represent to consumers that Garry Vacuums are at parity with, and/or superior to, Dyson vacuum cleaners in terms of product specifications, cleaning performance, and maneuverability in the following ways:

(a) falsely claiming that the Dyson was a "great machine in [its] day," but that the Garry Vacuum now "delivers all the leading edge technologies Dyson doesn't have ... at only one-third the cost," and that "Garry takes vacuum technology further" by making an "amazing" vacuum for a "fraction" of what one pays for a Dyson vacuum cleaner;

(b) falsely claiming that consumers who want a high-performance

3

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

vacuum cleaner at a "fraction of the cost" should purchase a Garry Vacuum that "does the exact same thing";

(c) falsely and disparagingly depicting the process of emptying a Dyson dirt cup (where dirt and dust picked up by the vacuum is stored) as creating a cloud of dust that causes the actors to cough and to comment on the need to open a window; Defendants accomplish this by emptying the dirt cup in a manner completely contrary to normal consumer use, and indeed contrary to the user instructions provided with Dyson vacuums and to common sense, and thus falsely portray Dyson vacuum cleaners as causing dirty and unhealthy conditions in consumers' homes;

(d) falsely claiming that Garry Vacuum has "40% more suction power than the leading competition";

(e) falsely claiming that the Garry Vacuum "outperforms even the most expensive competition," and that consumers can use the Garry Vacuum to "get your carpets and your home clean in half the time for a fraction of the cost of the . . . Dyson":

(f) falsely claiming that "with a $700 Dyson you'd actually have to move the couch" to clean underneath it;

(g) falsely claiming that Dyson upright vacuum cleaners have such a "high profile" that they will not maneuver to fit in or under tight spaces;

(h) falsely claiming that the weight of a Dyson vacuum cleaner prevents users from easily moving the vacuum up and down stairs in a house; and

(i) falsely claiming that Dyson upright vacuum cleaners cost $700;

(j) falsely claiming high-performance attributes of the Garry vacuum, including (1) that there has "never been a better cleaning machine;" (2) that the Garry vacuum "cleans and purifies the air" in a consumer's home with

4

DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF

Case No. CV10-1626 MMM (VBKx)

RUSS, AUGUST & KABAT

hypoallergenic filtration and germicidal bags that trap "99% of all dirt, dust, germs and allergens;" and (3) that just one Garry machine can vacuum up twenty years of household dirt.

Moreover, Garry's advertisements do not direct their claims and comparisons to Dyson's currently marketed vacuum cleaner models; rather, they compare the Garry Vacuum to the Dyson DC 15 Animal -- a Dyson vacuum cleaner of which new units are no longer sold, and in fact, a model that was phased out in the Spring of 2008 -- almost two years ago.

### ANSWER TO PARAGRAPH NO. 5:

The allegations in Paragraph 5 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Defendant Garry admits that its advertising contains generalized claims of superiority to other vacuum cleaners, but Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

### 6.   COMPLAINT

Defendants have no basis for any of the challenged advertising claims. Dyson testing demonstrates that Defendants' suction, dust pick-up, and other performance parity and superiority claims are literally false.

### ANSWER TO PARAGRAPH NO. 6:

Defendants deny the first allegation in Paragraph 6 of the Complaint. Defendants are without information of knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and on that basis deny them.

### 7.   COMPLAINT

Defendants' dissemination of false and misleading claims in the advertising at issue in this case falsely communicates to consumers that the much lower-priced Garry Vacuum offers the same high-quality performance and advanced technology

5

DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF
DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF

Case No. CV10-1626 MMM (VBKx)

RUSS, AUGUST & KABAT

of Dyson vacuum cleaners.

**ANSWER TO PARAGRAPH NO. 7:**

The allegations in Paragraph 7 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 7 of the Complaint and expressly deny that they have disseminated any false or misleading claims in any advertising.

**8.    COMPLAINT**

The monetary and reputational damage to Dyson's vacuum cleaner products that Defendants' campaign of false advertising is likely to cause is considerable and will likely grow rapidly unless Defendants are permanently enjoined from continuing to make these false statements to consumers.

**ANSWER TO PARAGRAPH NO. 8:**

The allegations in Paragraph 8 of the Complaint state self-serving and unfounded legal conclusion to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 8 of the Complaint and expressly deny that they have engaged in any "campaign of false advertising" and further deny that Plaintiff has suffered any damage as a result of Defendants' advertising.

**THE PARTIES**

**9.    COMPLAINT**

Dyson is an Illinois corporation having its principal place of business located at 600 West Chicago Avenue, Suite 275, Chicago, Illinois 60654. Dyson is an affiliate of the Dyson group of companies based in the United Kingdom.  (Dyson and the Dyson group of companies are sometimes collectively referred to as the "Dyson Companies").  The Dyson Companies design, market, and sell technology products and related accessories, including cylinder, upright and handheld vacuum

RUSS, AUGUST & KABAT

6

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

1   cleaners, and various parts and accessories for those vacuum cleaners. These

2   Products, including vacuum cleaners, are sold throughout the U.S. and in the State

3   of California, including this District.

4   **ANSWER TO PARAGRAPH NO. 9:**

5   Defendants are without information or knowledge sufficient to form a belief

6   as to the truth of the allegations in Paragraph 9 of the Complaint and on that basis

7   deny those allegations.

8   **10.   COMPLAINT**

9   Defendant Garry Vacuum, LLC ("Garry") is registered as a limited liability

10   company in the State of Delaware, with its principal place of business located at

11   7821 Orion Avenue, Suite 200, Van Nuys (Lake Balboa), California 91406.   Garry

12   maintains a customer service address at P.O. Box 9169, Van Nuys, California

13   91409.   Garry also maintains another office in this District located at 8950

14   Toronto Avenue, Rancho Cucamonga, California 91730.  Garry markets and sells

15   the Garry Vacuum and is an affiliate, subsidiary, or other entity that is a part of

16   Defendant Envion, LLC ("Envion").

17   **ANSWER TO PARAGRAPH NO. 10:**

18   Defendant Garry admits that Garry is registered as a limited liability

19   company in the State of Delaware, with its principal place of business located at

20   7821 Orion Avenue, Suite 200, Lake Balboa, California 91406.   Defendant Garry

21   further admits that Garry maintains a customer service address at P.O. Box 9169,

22   Van Nuys, California 91409.   Defendant Garry still further admits that Garry

23   markets and sells the Garry Vacuum.  Defendants deny the remaining allegations

24   in Paragraph 10 of the Complaint.

25   **11.   COMPLAINT**

26   Envion is registered as a limited liability company in the State of Delaware,

27   with its principal place of business located at 7821 Orion Avenue, Suite 200, Van

28

RUSS, AUGUST & KABAT

7

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

Nuys, California 91406.   Envion markets and sells air purification, air sanitation, humidification, home heating, and floor care products, including the Garry Vacuum.

**ANSWER TO PARAGRAPH NO. 11:**

Envion admits the allegations in Paragraph 11 of the Complaint.

**12.    COMPLAINT**

Defendants jointly manufacture, market, sell, offer to sell, and otherwise distribute the Garry Vacuum on the Internet at, among other places, Garry's website, <www.garryvac.com>.   The offending advertising statements have been broadcast and otherwise published in various locations throughout the country, including in this District

**ANSWER TO PARAGRAPH NO. 12:**

Defendants deny the allegations in the first sentence of Paragraph 12 of the Complaint.  Garry admits that its advertisements have been broadcast and otherwise published in various locations throughout the country, including in this District.  Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

**JURISDICTION AND VENUE**

**13.    COMPLAINT**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the action arises under the Lanham Act, 15 U.S.C. § 1051 *et seq.* The Court has supplemental jurisdiction over Dyson's state law claims under 28 U.S.C. § 1367(a).

**ANSWER TO PARAGRAPH NO. 13:**

Defendants admit that this Court has subject matter jurisdiction over this action.

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

### 14.   **COMPLAINT**

This Court has personal jurisdiction over Defendants because they each have a principal place of business in the State of California and sell and offer for sale products (including via advertising at issue in this suit) in the State. The Court also has personal jurisdiction over Defendants under Cal. Code Civ. P. § 410.10 because, among other things, the injury caused to Dyson occurred in the State of California as a result of Defendants' dissemination of the advertisements at issue in California, including in this District, and because Defendants otherwise conduct business in the State of California, including in this District.

### **ANSWER TO PARAGRAPH NO. 14:**

The allegations in Paragraph 14 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Defendants deny that they have caused any injury to Plaintiff in the State of California or anywhere else.  Notwithstanding the above, Defendants do not contest personal jurisdiction in this District.

### 15.   **COMPLAINT**

Venue is proper in this District under 28 U.S.C. §§ 1391(b)(l) and (c) because Defendants are subject to personal jurisdiction in this District and, on that basis, are deemed to reside in this District. Venue is also proper in this District under 28 U.S.C § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred within this District.

### **ANSWER TO PARAGRAPH NO. 15:**

The allegations in Paragraph 15 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent a responsive pleading is deemed to be required, Defendants deny that they have committed any acts or omissions that give rise to the claims in the Complaint and further deny that they have interfered with or violated any lawful right of Plaintiff in this District or

9

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

anywhere else.  Notwithstanding the above, Defendants do not contest venue in this District.

## BACKGROUND

### Dyson's Technologically Advanced Vacuum Cleaners

**16.   COMPLAINT**

Research, design and development are at the core of the Dyson Companies' business.   Dyson vacuum cleaners were originally developed as a solution to the problem plaguing conventional bagged vacuum cleaners - the loss of suction power and cleaning capability as airflow to the vacuum bag was blocked by dust. To solve the loss of suction problem associated with traditional vacuums, the Dyson Companies'  founder,  chairman, and principal inventor James Dyson, experimented for years to develop a cyclonic vacuum technology that separated dirt and debris from the vacuum's incoming air flow while maintaining a constant high level of suction through the life of the vacuum. This technology was developed as Dyson's Dual Cyclone™ technology and then further perfected into Dyson's Root Cyclone™ technology, which spreads the air flow through many cyclones to generate even higher suction power, resulting in vacuums with more dust and dirt pick-up and even better cleaning performance. Instead of relying on bags and filters to trap dust, a Dyson vacuum uses its patented Cyclone™ technology to spin dirt out of the air.

**ANSWER TO PARAGRAPH NO. 16:**

Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and on that basis deny those allegations.

**17.   COMPLAINT**

During the 1980s and 1990s, the Dyson Companies obtained patents and introduced their vacuum cleaners in Japan and the United Kingdom, where they

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

1   rapidly gained market share. In just a few short years, Dyson vacuum cleaners

2   went from being a new entrant in the British market to the British market leader in

3   dollar volume of sales. The same thing occurred in the U.S. Dyson vacuum

4   cleaners were not introduced in the U.S. until 2002, but by 2005, Dyson was the

5   largest selling brand of upright vacuum cleaners in the U.S. by dollar volume of

6   sales. Today Dyson remains the U.S. dollar share market leader.

7   **ANSWER TO PARAGRAPH NO. 17:**

8   Defendants are without information or knowledge sufficient to form a belief

9   as to the truth of the allegations in Paragraph 17 of the Complaint and on that basis

10   deny those allegations.

11   **18.   COMPLAINT**

12   The Dyson Companies' history of product innovation continued with the

13   development of the Dyson Ball™ technology, which greatly enhanced the

14   maneuverability of Dyson vacuum cleaners.  Using a single large, colored, glass-

15   reinforced polypropylene ball as its base, Dyson Ball™ vacuum cleaners are able

16   to glide over the floor due to the rotation of the ball.  The ball is connected to the

17   brush of the vacuum using a patented linkage system that turns the brush head in

18   the same direction as the ball.  Due to this innovation, Dyson Ball™ vacuums are

19   able to easily and fluidly move forward and backward and change direction on the

20   surface being vacuumed. Changing the vacuum's direction on the surface being

21   cleaned is done easily with a simple twist of the wrist because the brush head is

22   designed not to lose contact with the floor as the brush head turns in synch with the

23   rotating ball.   The Dyson motor is also located within the ball, which keeps the

24   machine's center of gravity lower than in traditional models, thus reducing its

25   weight in the user's hand and enhancing its maneuverability.

26

27

28

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF
DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

**ANSWER TO PARAGRAPH NO. 18:**

Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and on that basis deny those allegations.

**19.    COMPLAINT**

Over time, Dyson has brought to the market a variety of upright vacuum cleaners.   Currently, Dyson markets and sells the DC14, DC17, DC24, DC25 and DC28 upright vacuum models.   Each of the currently marketed models incorporates Dyson technological advances that enable them to be extremely high-performing and long lasting.   In or about March 2008, Dyson introduced in the U.S. the DC25 model, which has become Dyson's most popular vacuum in the U.S.

**ANSWER TO PARAGRAPH NO. 19:**

Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and on that basis deny those allegations.

**20.    COMPLAINT**

Dyson sells its upright vacuum cleaners at retail outlets throughout the U.S., including Best Buy, Target, Bed Bath & Beyond, Kohl's, Sears, Lowe's, Home Depot, Sam's Club, and Wal-mart.   At present, the manufacturer's suggested retail price ("'MSRP'") for the DC25 All Floors model is $499.99.   None of Dyson's upright vacuum models retails for more than $599.99.

**ANSWER TO PARAGRAPH NO. 20:**

Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and on that basis deny those allegations.

RUSS, AUGUST & KABAT

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

1

**The Garry™ Ultra-Light Upright Vacuum by Envion™**

2

    **21.**    **COMPLAINT**

3

    The Garry Vacuum is an upright vacuum marketed and sold by Defendants.

4

The Garry Vacuum was historically sold through direct marketing efforts on

5

Garry's website and via infomercial advertising.   Just recently, the Garry Vacuum

6

also became available for sale in Bed Bath & Beyond ("BB&B") retail stores,

7

where it is sold alongside Dyson vacuums, and on BB&B's website.

8

    **ANSWER TO PARAGRAPH NO. 21:**

9

    Defendants admit that the Garry Vacuum is sold through direct marketing

10

efforts on Garry's website and via infomercial advertising.  Defendants further

11

admit that the Garry Vacuum is available for sale at Bed, Bath & Beyond.

12

Defendants are without information or knowledge sufficient to form a belief as to

13

the truth of the remaining allegations in Paragraph 21 of the Complaint and on that

14

basis deny them.

15

    **22.**    **COMPLAINT**

16

    According to Garry's website, <www.garryvac.com>, the Garry Vacuum

17

may be purchased via the website for either four or five payments of $49.95 each,

18

plus $39.95 for shipping, for a total of $239.75-$289.70.   The Garry Vacuum is

19

available at BB&B for a retail price of $199.99.

20

    **ANSWER TO PARAGRAPH NO. 22:**

21

    Defendants admit that the Garry Vacuum may be purchased on the Garry

22

website and that the Garry Vacuum has been available at Bed, Bath and Beyond.

23

Defendants are without information or knowledge sufficient to form a belief as to

24

the truth of the remaining allegations in Paragraph 22 of the Complaint and on that

25

basis deny them.

26

27

28

RUSS, AUGUST & KABAT

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

**The Garry Vacuum Infomercial and Commercial**

    **23.**    **COMPLAINT**

    The Garry Vacuum is advertised through an approximately 25-minute infomercial (the "Infomercial") that has appeared on television in California and in other states. The Infomercial is also available on YouTube in three overlapping parts:

Part 1:

<www.youtube.com/watch?v=4DXY dGkP2Wg&feature=player_embedded>

Part 2:

<www.youtube.com/watch?v=CHPIAdIA vQY &feature=related>

Part 3:

<www.youtube.com/watch?v=4G60eEBIAyY&feature=related>

**ANSWER TO PARAGRAPH NO. 23:**

    Defendants admit that the Garry Vacuum is advertised in an Infomercial that has appeared on television in California and in other states.  Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and on that basis deny them.

    **24.**    **COMPLAINT**

    The Infomercial began running last year and continues to be broadcast. Since its inception, Defendants have spent in excess of $4.7 million running the Infomercial on numerous television channels, including popular cable and satellite television channels, such as Home & Garden Television, TV Food Network, Women's Entertainment, USA Network, The History Channel, The Discovery Channel, and many others.

RUSS, AUGUST & KABAT

14
**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

**ANSWER TO PARAGRAPH NO. 24:**

Defendants admit that the Infomercial has aired on television, including on Home & Garden Television, TV Food Network, Women's Entertainment, USA USA Network, The History Channel, and The Discovery Channel.  Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

**25.   COMPLAINT**

The Garry Vacuum is also advertised through an approximately 5-minute commercial (the "Commercial") streamed on Garry's website at <www.garryvac.com/video.html>.   The Commercial appears to run twice in its entirety within the longer 25-minute Infomercial.   The Commercial has been, and continues to be, streamed on Garry's website.

**ANSWER TO PARAGRAPH NO. 25:**

Defendants admit that the Garry Vacuum is advertised through an approximately 5-minute video that is available at <www.garryvac.com> and deny the remaining allegations in Paragraph 25 of the Complaint.

**26.   COMPLAINT**

Both the Infomercial and Commercial (together, the "Advertisements") are replete with false claims, both bald assertions and false establishment claims, which individually and together communicate the unambiguous and explicit message that, in various important respects, the performance and handling of the Garry Vacuum are at least as good as, and in some respects better than, Dyson vacuum cleaners, and at a much lower price.

**ANSWER TO PARAGRAPH NO. 26:**

The allegations in Paragraph 26 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 26 of the Complaint.

15

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

## DEFENDANTS' FALSE ADVERTISING
## AND PRODUCT DISPARAGEMENT

**Defendants' Disparagement of Dyson Vacuum Cleaners**

**27.   COMPLAINT**

The Advertisements make a number of false and disparaging claims regarding Dyson vacuum cleaners, several examples of which are described below.

**ANSWER TO PARAGRAPH NO. 27:**

Defendants deny the allegations in Paragraph 27 of the Complaint.

**28.   COMPLAINT**

*First,* the Infomercial falsely claims that the Dyson vacuum cleaner was a "great machine in [its] day," but that the Garry Vacuum now "delivers all the leading edge technologies Dyson doesn't have ... at only one-third the cost," that there has "never been a better cleaning machine," and that "Garry takes vacuum technology further" by making an "amazing" vacuum for a "fraction" of what one pays for a Dyson vacuum cleaner.   In context, these claims communicate the false message that the technology found in the Garry Vacuum is an improvement over, and superior to, Dyson vacuum cleaners. These claims are false, as the technology underlying Dyson vacuum cleaners is far superior to the Garry Vacuum.

**ANSWER TO PARAGRAPH NO. 28:**

The allegations in Paragraph 28 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 28 of the Complaint and expressly deny that the Infomercial communicates any actionable false claims.

**29.   COMPLAINT**

*Second,* the Advertisements communicate that Garry Vacuum "does the exact same thing" as similar vacuums that cost "6 or 700 dollars," with Dyson

16

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

1    being a frequently named competitor to which the Garry Vacuum is compared.

2    (Indeed, Dyson is the only named competitor in the commercial to which Garry

3    could be subjecting this comparison, since the price point of the other named

4    competitor is not close to "6 or 700 dollars.")  Thus, the claim communicates the

5    message that the Garry Vacuum performs at least as well as Dyson vacuum

6    cleaners. This message is literally false and misleading because the performance of

7    the two vacuums could hardly be more different. In industry standard tests

8    measuring both the suction power and the dust pick-up capability of the vacuums

9    on multiple surfaces, Dyson vacuum cleaners are vastly superior to the Garry

10   Vacuum. Thus, the Garry Vacuum cannot "do[ ] the exact same thing" as Dyson

11   vacuum cleaners.

12            **ANSWER TO PARAGRAPH NO. 29:**

13            The allegations in Paragraph 29 of the Complaint state self-serving and

14   unfounded legal conclusions to which no responsive pleading is required.  To the

15   extent that a responsive pleading is deemed to be required, Defendants deny the

16   allegations in Paragraph 29 of the Complaint and expressly deny that the alleged

17   Advertisements communicate any actionable false claims.

18            **30.    COMPLAINT**

19            Defendants' false and disparaging claims about Dyson vacuum cleaners and

20   the purported superiority of the Garry Vacuum are not limited to the Internet and a

21   television infomercial, but also appear on the product box itself.   The Garry

22   Vacuum comes packaged in a box which claims that it "offers unsurpassed

23   maneuverability, making household cleaning easier than ever before!"  That claim

24   too is literally false.

25            **ANSWER TO PARAGRAPH NO. 30:**

26            The allegations in Paragraph 30 of the Complaint state self-serving and

27   unfounded legal conclusions to which no responsive pleading is required.  To the

28

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

1   extent that a responsive pleading is deemed to be required, Defendants admit that

2   the Garry Vacuum box contains the cited language.  Defendants deny the

3   remaining allegations in Paragraph 30 of the Complaint and expressly deny that

4   they have made any actionable false or disparaging claims about Dyson vacuum

5   cleaners.

6   ### 31.   COMPLAINT

7       *Third,* the Advertisements contain a disparaging reenactment of a supposed

8   vacuum user coughing in a cloud of dust as she empties what is identified as a

9   Dyson dirt cup by holding the cup over a garbage can and unloading its contents

10  above it.  Similarly, the Infomercial presents a false and disparaging enactment of

11  infomercial actors emptying a Dyson dirt cup by holding it over a plexiglass box

12  and unloading its contents above it, showing all of the actors coughing, requesting

13  that a window be opened, and lamenting the mess caused by the emptying of the

14  Dyson dirt cup.  In that depiction, one of the actors states that the way to empty

15  dust from the Dyson cup is to "shake it out", which is completely contrary to the

16  directions for Dyson upright vacuums

17  ### ANSWER TO PARAGRAPH NO. 31:

18      The allegations in Paragraph 31 of the Complaint state self-serving and

19  unfounded legal conclusions to which no responsive pleading is required.  To the

20  extent that a responsive pleading is deemed to be required, Defendants deny the

21  allegations in Paragraph 31 of the Complaint and expressly deny that the alleged

22  Advertisements communicate any actionable false claims.

23  ### 32.   COMPLAINT

24      Defendants' demonstration falsely communicates, and is likely to mislead

25  consumers into believing, that Dyson upright vacuum cleaners cause dirty and

26  unhealthy conditions when used as directed. *First,* Garry's reenactment, with the

27  dust bin held high over a plexiglass box, greatly exaggerates and in fact distorts the

28

RUSS, AUGUST & KABAT

18

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF
DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

conditions under which any consumer would empty a dust bin in normal use. *Second,* the manner in which the Garry Vacuum actors are shown emptying the dirt cup is completely contrary to the clear user instructions provided by Dyson in its upright vacuum cleaner manuals. For example, according to the instructions for the DC25 All Floors model the Clear bin™ (in which dust and debris collect) is either placed completely in the trash receptacle or completely surrounded by a trash bag before the red release button is pressed which prevents dust and other vacuumed materials from entering the air (see image below, excerpted from the instructions included with the Dyson DC25 vacuum cleaner).

[IMAGE OMITTED]

In short, and as seen in the graphic above, when the Dyson instructions are followed, the Clear bin™ directly releases the debris without the contents being blown about the room by ambient air currents.  Indeed, Dyson upright vacuums have been certified "Asthma and Allergy Friendly" by the Asthma and Allergy Foundation of America, a private not-for-profit patient advocate and education organization dedicated to finding a cure for and controlling asthma and allergic diseases, under a testing protocol which includes evaluating potential allergen exposure during bin/bag change or emptying.  Thus, Defendants' claims are false by necessary implication because the words and images, considered in context, necessarily and unambiguously imply that emptying the receptacle in which the vacuumed dust is stored in a Dyson upright vacuum cleaner will result in the dust being recirculated into the air and floors of the user's home.

## ANSWER TO PARAGRAPH NO. 32:

The allegations in Paragraph 32 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the

19

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

allegations in Paragraph 32 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

**Defendants' False Establishment Claims**

**33.   COMPLAINT**

In addition to making false establishment claims concerning the performance of Garry vacuums -- such as Garry's claim that its vacuum cleans and purifies the air with hypoallergenic filtration and germicidal bags that trap "99% of all dirt, dust, germs and allergens;" and that just one Garry machine can vacuum up twenty years of household dirt -- the Advertisements also make false establishment claims regarding the performance of Dyson vacuum cleaners.

**ANSWER TO PARAGRAPH NO. 33:**

The allegations in Paragraph 33 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 33 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

**34.   COMPLAINT**

*First,* in the Infomercial, Defendants' spokesperson conducts a "demonstration" of the Garry Vacuum's supposed suction power using a suction meter, which purports to show the Garry Vacuum outperforming a competitor.   In the demonstration, while the competitor can hold only 9 one-pound weights with its suction power against the weight of gravity, the Garry Vacuum appears to be able to hold more. The Infomercial spokesperson then concludes that the Garry Vacuum has "40% more suction power than" the competitor. The demonstration is conducted with a vacuum cleaner product not sold by Dyson, but the demonstration is both preceded by the Commercial, which explicitly names Dyson as the Garry Vacuum's competitor, and is followed by purported cleaning

RUSS, AUGUST & KABAT

20

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

"challenges" comparing the Garry Vacuum cleaner to two other vacuum cleaner products, one of which is the discontinued Dyson DCl5.   Moreover, in the Commercial, the claim that the Garry Vacuum has "40% more suction power than the leading competition" is repeated without reference to any particular competitor, although Dyson is disparagingly referenced throughout the Advertisements.   A similar claim touting the superiority of the Garry Vacuum's suction power also appears on Garry's website, and indeed, Dyson is a competitor mentioned in the "Customer Reviews" section of the Garry Vacuum webpage.

### ANSWER TO PARAGRAPH NO. 34:

The allegations in Paragraph 34 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 34 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

### 35.   COMPLAINT

Defendants' demonstration falsely communicates, and is likely to mislead consumers into believing, that the Garry Vacuum has superior suction power compared to Dyson vacuum cleaners.   However, Defendants' own demonstration does not support this claim because it was not conducted with a Dyson vacuum. Moreover, there is an industry accepted standard for testing suction power, which Defendants did not refer to and apparently did not employ in their demonstration. Using that industry standard test, Dyson upright vacuum cleaners have vastly superior suction power as compared to the Garry Vacuum.  Thus, Defendants' "40% more suction power" claim is false versus Dyson vacuums.

### ANSWER TO PARAGRAPH NO. 35:

The allegations in Paragraph 35 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 35 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

## 36.   COMPLAINT

*Second,* in the Infomercial, Defendants' spokesperson conducts a series of five timed cleaning "challenges," which purport to show that the Garry Vacuum can clean in "half the time" as compared to two competitors, one of which is the discontinued Dyson DC15:

(a) In the first challenge, the actors are asked to lift their respective vacuums with one pinky finger. The actor lifting the Garry Vacuum can seemingly lift it easily, while the actors lifting the Dyson vacuum and the other competitor product appear to not even be able to raise their vacuum off the floor. The spokesperson concludes that "Garry weighs in at less than either of the other vacs.  Its ultra-light weight design is 9 pounds -- less than half the weight of the Dyson."   The Garry Vacuum is deemed the winner of this challenge.

(b) In the second challenge, the vacuums are evaluated for their ability to clean underneath a couch. While the actor using the Garry Vacuum easily fits the vacuum underneath the couch and cleans the debris, the actor using the Dyson DC15 is shown unable to even push the Dyson vacuum underneath the couch due to its physical configuration. The spokesperson concludes that "[t]he Dyson's super high profile doesn't allow it to get under or around the sofa. You actually have to move the sofa to get under there. That will slow you down."  The Garry Vacuum is also deemed the winner of this challenge.

(c) In the third challenge, the vacuums are evaluated for their ability to clean a chair on which dry cereal has been spilled. The Garry Vacuum is

22

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

shown to quickly clean the spill using its on-board tools, while the spokesperson states, in reference to the Dyson DC15 tools, that the actor "is having trouble just putting it together." The Garry Vacuum is again deemed the winner of this challenge.

(d) In the fourth challenge, the vacuums are evaluated for their ability to pick-up debris sprinkled along a baseboard. The Garry Vacuum is shown cleaning the debris completely, while the Dyson vacuum appears to perform comparably but does not completely clear away the debris. The spokesperson concludes that, "while the Dyson does a better job [than the other competitor vacuum], it still misses the mark. Garry edges out the competition with its superior suction power, saving even more time." Here, the Garry Vacuum is deemed to have "tied" with the Dyson DC15.

(e) In the fifth challenge, the vacuums are evaluated for their ability to clean up debris and dirt sprinkled across a carpet in a lengthy, straight line. The Garry Vacuum is shown winning this "race." The spokesperson concludes, "Garry, the No-Back-Track-Vac, crosses the finish line first while the others, well, are left in the dust."

**ANSWER TO PARAGRAPH NO. 36:**

Defendants admit that the Infomercial depicts a series of five challenges. However, Defendants deny Plaintiff's characterization of these challenges in Paragraph 36 of the Complaint and further deny that the allegations in Paragraph 36 of the Complaint state any actionable false claims.

**37.   COMPLAINT**

On the basis of these challenges, the Infomercial concludes that, overall, the Garry Vacuum cleans in "half the time." The Advertisements repeat this claim, asserting that the Garry Vacuum can "[get your carpets and your home clean in half the time for a fraction of the cost of the . . . Dyson," and that the Garry

23

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

Vacuum "gives you the great gift of more time by cutting your cleaning time nearly in half."  A "Real User" of the Garry Vacuum also provides a testimonial that "[t]he Garry definitely cuts my cleaning time in half." Moreover, a similar claim ("Cuts cleaning time in HALF!") appears on Garry's website.

**ANSWER TO PARAGRAPH NO. 37:**

Defendants admit that the Advertisements contains the statements alleged in Paragraph 37 of the Complaint, but deny that the allegations in Paragraph 37 of the Complaint state any actionable false claims.

**38.   COMPLAINT**

Defendants' five challenges purporting to compare the Garry Vacuum and a discontinued Dyson vacuum cleaner falsely communicate, and are likely to mislead consumers into believing, that Dyson vacuum cleaners do not perform as well as the Garry Vacuum.   First, the challenges together, in context, communicate the false message that the Garry Vacuum cleans as well as Dyson vacuums.   In fact, using industry standard dust pick up tests, Dyson vacuums are far superior to the Garry vacuum in picking up dust on carpets and bare floors.   Moreover, many of Defendants' statements with respect to, and depictions accompanying, their five challenges are also false and misleading.

**ANSWER TO PARAGRAPH NO. 38:**

The allegations in Paragraph 38 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 38 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

**39.   COMPLAINT**

First, the statement that the weight of the Garry Vacuum "is 9 pounds -- less than half the weight of the Dyson" is untrue.   In fact, according to Consumer

24

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

Reports, the Garry Vacuum only achieves a 9-pound weight *if the tools, cord and hose are removed* prior to weighing.   The Dyson DC25 All Floors, the leading selling Dyson vacuum, weighs just over 16 pounds, and the Dyson DC24 -- a light-weight model -- weighs in at 11.65 pounds, and both of these Dyson vacuums are measured *according to industry standards which include the power cord and any accessories which fit on the product.*  Moreover, the visual accompanying this statement shows the actor lifting the Dyson vacuum to be having great difficulty lifting the Dyson vacuum off the floor, and the Infomercial spokesperson states that "[Y]our Dyson weighs 20 pounds, so I know it can't go up and down the stairs very easy."  In fact, the Dyson DC25 as well as the other Dyson upright vacuums that Dyson currently offers for sale can easily be lifted and carried down stairs, contrary to the depiction and statements in the advertisements.

### ANSWER TO PARAGRAPH NO. 39:

The allegations in Paragraph 39 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 39 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

### 40.   COMPLAINT

Second, Defendants' statement with regard to the second challenge that "[t]he Dyson's super high profile doesn't allow it to get under or around the sofa. You actually have to move the sofa to get under there" is false and deceptive in multiple respects: (a) the Dyson vacuum depicted when this statement is made, the DC15, is no longer offered for sale by Dyson, and has not been for about 15 months; and (b) the statements ignore that Dyson vacuum cleaners come with easily accessible on-board tools to allow for cleaning under furniture and other places where the physical configuration of the vacuum might not otherwise permit

25

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

access.

## ANSWER TO PARAGRAPH NO. 40:

The allegations in Paragraph 40 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 40 of the Complaint and deny that the alleged Advertisements communicate any actionable false claims.

### 41.   COMPLAINT

Third, Defendants' fourth challenge, which shows the Garry Vacuum picking up more debris than a Dyson vacuum and features an actor generously characterizing the result as a "tie" between Garry and Dyson, is false, because in industry standard testing, Dyson vacuums statistically significantly outperform the Garry Vacuum in pick-up testing.

## ANSWER TO PARAGRAPH NO. 41:

The allegations in Paragraph 41 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 41 of the Complaint.

### 42.   COMPLAINT

Fourth, Defendants' fifth challenge, which purports to time the Garry Vacuum and a no-longer-marketed Dyson DC15 vacuum picking up dirt sprinkled on a carpet in a straight line, which shows the Garry Vacuum finishing before the Dyson, and which claims that the Garry Vacuum cleans "in half the time", is false in multiple respects: (a) in context, the advertisement claims that the Garry Vacuum cleans as well as the Dyson in half the time, when in fact, Dyson upright vacuums are statistically significantly superior to the Garry Vacuum in cleaning; (b) the Dyson vacuum depicted in this challenge, the DC15, is not offered for sale

RUSS, AUGUST & KABAT

26

DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF
DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF

Case No. CV10-1626 MMM (VBKx)

by Dyson, and has not been for 18 months; and (C), the fifth challenge was rigged, and in all events, does not accurately demonstrate the true relative speed or ease with which a Garry Vacuum and Dyson vacuums can vacuum a carpeted or bare surface.

**ANSWER TO PARAGRAPH NO. 42:**

The allegations in Paragraph 42 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 42 of the Complaint and further deny that the alleged Advertisements communicate any actionable false claims.

**Defendants' False Price Point Claims**

**43.    COMPLAINT**

Finally, the Advertisements make a number of false claims regarding the price difference between the Garry Vacuum and Dyson vacuum cleaners.   For example, the Advertisements falsely identify a "$700 Dyson."  Similarly, the Advertisements admonish viewers not to "spend ... up to $700 on a Dyson."  The Advertisements also feature testimonials from purported "Real Users" of the Garry Vacuum, one of whom claims that she "really [does] not want to pay 6 or 700 dollars for a high-performance vacuum cleaner," with Dyson being a frequently named competitor to which the Garry Vacuum is compared.   Likewise, the Infomercial falsely claims that the Garry Vacuum "delivers all the leading edge technologies Dyson doesn't have . . . at only one third the cost."  These messages are literally false because they misrepresent the actual price difference. In fact, no Dyson upright vacuum cleaner sells for more than $599.99, and the Dyson DC15 to which the Advertisements expressly refer has no price point to which the Garry Vacuum can fairly be compared because the DC25 is no longer offered for sale by Dyson.   Accordingly, the Garry Vacuum, priced at $239.75 or more on Garry's

RUSS, AUGUST & KABAT

27

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

1 website, is not one-third the cost of any Dyson upright vacuum and is more than

2 one-half the cost of the lowest priced Dyson upright vacuum.

3 **ANSWER TO PARAGRAPH NO. 43:**

4 The allegations in Paragraph 43 of the Complaint state self-serving and

5 unfounded legal conclusions to which no responsive pleading is required.  To the

6 extent that a responsive pleading is deemed to be required, Defendants deny the

7 allegations in Paragraph 43 of the Complaint and expressly deny that the alleged

8 Advertisements communicate any actionable false claims.

9 **HARM CAUSED BY DEFENDANTS' ACTIONS**

10 **44.   COMPLAINT**

11 Defendants have made false advertising claims representing that its product,

12 the Garry Vacuum, is at parity with, or superior to, Dyson's vacuum cleaners in

13 various respects.

14 **ANSWER TO PARAGRAPH NO. 44:**

15 The allegations in Paragraph 44 of the Complaint state self-serving and

16 unfounded legal conclusions to which no responsive pleading is required.  To the

17 extent that a responsive pleading is deemed to be required, Defendants deny the

18 allegations in Paragraph 44 of the Complaint and deny that they have made any

19 actionable false claims regarding the Garry Vacuum and Dyson vacuum cleaners.

20 **45.   COMPLAINT**

21 Defendants' advertisements plainly state and necessarily imply to consumers

22 that the Garry Vacuum is the performance equivalent of Dyson vacuum cleaners,

23 or superior to Dyson vacuums, at a lesser price, when this is demonstrably false.

24 **ANSWER TO PARAGRAPH NO. 45:**

25 The allegations in Paragraph 45 of the Complaint state self-serving and

26 unfounded legal conclusions to which no responsive pleading is required.  To the

27

28

RUSS, AUGUST & KABAT

28

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

1   extent that a responsive pleading is deemed to be required, Defendants deny the

2   allegations in Paragraph 45 of the Complaint.

3        **46.**   **COMPLAINT**

4        The false and deceptive statements and advertising claims set forth herein

5   are part of a common marketing scheme or plan of Defendants to make purchasing

6   consumers believe the false message that the Garry Vacuum is at least equivalent

7   to Dyson vacuum cleaners in performance and handling at a much lower price.

8        **ANSWER TO PARAGRAPH NO. 46:**

9        The allegations in Paragraph 46 of the Complaint state self-serving and

10  unfounded legal conclusions to which no responsive pleading is required.  To the

11  extent that a responsive pleading is deemed to be required, Defendants deny the

12  allegations in Paragraph 46 of the Complaint.

13       **47.**   **COMPLAINT**

14       Defendants' portrayal of Dyson products falsely communicates, confuses,

15  and deceives consumers, intentionally, through words and visual images, and

16  through a combination of words and visual images, into believing that the Garry

17  Vacuum is at parity with, or superior to, Dyson vacuum cleaners, specifically with

18  respect to performance claims of vacuum cleaner suction technology and power,

19  maneuverability, and cleaning performance. These messages are materially false

20  and deceptive because the Garry Vacuum does not perform better than or equal to

21  Dyson vacuum cleaners in respect of these qualities.

22       **ANSWER TO PARAGRAPH NO. 47:**

23       The allegations in Paragraph 47 of the Complaint state self-serving and

24  unfounded legal conclusions to which no responsive pleading is required.  To the

25  extent that a responsive pleading is deemed to be required, Defendants deny the

26  allegations in Paragraph 47 of the Complaint.

27

28

RUSS, AUGUST & KABAT

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

1

**48.    COMPLAINT**

2

Defendants' portrayal of Dyson vacuum cleaners falsely communicates,

3

confuses, and deceives consumers, intentionally, through words and visual images,

4

and through a combination of words and visual images, into believing that Dyson

5

vacuum cleaners do not perform better than the Garry Vacuum in various material

6

respects.

7

**ANSWER TO PARAGRAPH NO. 48:**

8

The allegations in Paragraph 48 of the Complaint state self-serving and

9

unfounded legal conclusions to which no responsive pleading is required.  To the

10

extent that a responsive pleading is deemed to be required, Defendants deny the

11

allegations in Paragraph 48 of the Complaint.

12

**49.    COMPLAINT**

13

Defendants' advertisements were intended to falsely communicate and

14

deceive consumers into believing that Dyson vacuum cleaners, despite being more

15

than twice as expensive as the Garry Vacuum, are, at most, merely equivalent to

16

the Garry Vacuum in performance.

17

**ANSWER TO PARAGRAPH NO. 49:**

18

The allegations in Paragraph 49 of the Complaint state self-serving and

19

unfounded legal conclusions to which no responsive pleading is required.  To the

20

extent that a responsive pleading is deemed to be required, Defendants deny the

21

allegations in Paragraph 49 of the Complaint.

22

**50.    COMPLAINT**

23

The foregoing actions of Defendants were undertaken willfully and

24

wantonly and with a conscious disregard for Dyson's rights.

25

**ANSWER TO PARAGRAPH NO. 50:**

26

The allegations in Paragraph 50 of the Complaint state self-serving and

27

unfounded legal conclusions to which no responsive pleading is required.  To the

28

30

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

1  extent that a responsive pleading is deemed to be required, Defendants deny the

2  allegations in Paragraph 50 of the Complaint.

3  **51.   COMPLAINT**

4  Before Defendants' wrongful conduct, Dyson had developed and maintained

5  substantial goodwill and reputation with regard to its products and business.

6  Defendants' wrongful conduct, as described in this Complaint, is likely to cause

7  substantial damages, including harm to the reputation of Dyson's products and

8  goodwill, and expenses in time and money incurred to combat Defendants false

9  statements.

10  **ANSWER TO PARAGRAPH NO. 51:**

11  The allegations in Paragraph 51 of the Complaint state self-serving and

12  unfounded legal conclusions to which no responsive pleading is required.  To the

13  extent that a responsive pleading is deemed to be required, Defendants deny the

14  allegations in Paragraph 51 of the Complaint.

15  **52.   COMPLAINT**

16  As a direct and proximate result of Defendants' false and deceptive

17  campaign, Dyson is likely to suffer immediate and continuing irreparable injury for

18  which there is no adequate remedy at law.

19  **ANSWER TO PARAGRAPH NO. 52:**

20  The allegations in Paragraph 52 of the Complaint state self-serving and

21  unfounded legal conclusions to which no responsive pleading is required.  To the

22  extent that a responsive pleading is deemed to be required, Defendants deny the

23  allegations in Paragraph 52 of the Complaint.

24  **53.   COMPLAINT**

25  Further, Defendants' actions are likely to have caused and will likely

26  continue to cause Dyson to suffer substantial damages, including loss of sales and

27  profits of its vacuum cleaner products and loss of market share.

28

RUSS, AUGUST & KABAT

31

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 53:**

The allegations in Paragraph 53 of the Complaint state self-serving and unfounded legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations in Paragraph 53 of the Complaint.

**54.   COMPLAINT**

The foregoing acts have occurred in, or in a manner affected, interstate commerce.

**ANSWER TO PARAGRAPH NO. 54:**

The allegations in Paragraph 54 of the Complaint state a legal conclusion to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants admit that the complained of Advertisements, Commercial, and Infomercial occur in, or affect, interstate commerce.

## CAUSES OF ACTION

### COUNT I

### FALSE ADVERTISING

### IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(A)

**55.   COMPLAINT**

Dyson realleges and incorporates by reference paragraphs 1 through 54 of the Complaint, as though set forth in full herein.

**ANSWER TO PARAGRAPH NO. 55:**

Defendants admit that paragraphs 1 through 54 of the Complaint are incorporated by reference, and Defendants incorporate their responses to those paragraphs as if fully set forth herein.

**56.   COMPLAINT**

The foregoing acts of Defendants constitute false advertising and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §

32

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

1  1125(a).

2  **ANSWER TO PARAGRAPH NO. 56:**

3  Defendants deny the allegations in Paragraph 56 of the Complaint.

4  **57.    COMPLAINT**

5  As a direct and proximate result of Defendants' false and deceptive

6  campaign, Dyson is suffering immediate and continuing irreparable injury for

7  which there is no adequate remedy at law.

8  **ANSWER TO PARAGRAPH NO. 57:**

9  Defendants deny the allegations in Paragraph 57 of the Complaint.

10  **58.    COMPLAINT**

11  As a direct and proximate result of these actions, Dyson has suffered and

12  will continue to suffer significant monetary damages.

13  **ANSWER TO PARAGRAPH NO. 58:**

14  Defendants deny the allegations in Paragraph 58 of the Complaint.

15  **59.    COMPLAINT**

16  This is an exceptional case within the meaning of Section 35 of the Lanham

17  Act, 15 U.S.C. § 1117.

18  **ANSWER TO PARAGRAPH NO. 59:**

19  Defendants deny the allegations in Paragraph 59 of the Complaint.

20  **COUNT II**

21  **FALSE ADVERTISING**

22  **IN VIOLATION OF CAL. BUS. & PROF. CODE § 17500 *ET SEQ.***

23  **60.    COMPLAINT**

24  Dyson realleges and incorporates by reference paragraphs 1 through 59 of

25  the Complaint, as if fully set forth herein.

26

27

28

RUSS, AUGUST & KABAT

33

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF
DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

**ANSWER TO PARAGRAPH NO. 60:**

Defendants admit that paragraphs 1 through 59 of the Complaint are incorporated by reference, and Defendants incorporate their responses to those paragraphs as if fully set forth herein.

**61.   COMPLAINT**

Dyson and Defendants are engaged in trade and commerce in the State of California and both are engaged in interstate trade or commerce.

**ANSWER TO PARAGRAPH NO. 61:**

The allegations in Paragraph 61 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants admit that they are engaged in trade in commerce in the State of California.  Defendants further admit that they engage in interstate trade or commerce.  Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 61 and on that basis deny them.

**62.   COMPLAINT**

Defendants' unscrupulous actions constitute unfair competition and deceptive trade practices and have caused, and, unless enjoined by this Court, will continue to cause, confusion and public deception in the marketplace and injury to Dyson's goodwill and reputation, for which Dyson has no adequate remedy at law.

**ANSWER TO PARAGRAPH NO. 62:**

Defendants deny the allegations in Paragraph 62 of the Complaint and expressly deny that they have engaged in any "unscrupulous actions."

**63.   COMPLAINT**

Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of their products, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Dyson, and

RUSS, AUGUST & KABAT

34

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

are otherwise damaging Dyson and the public.  Defendants have also disparaged Dyson and its products' quality, thereby damaging Dyson.

### ANSWER TO PARAGRAPH NO. 63:

Defendants deny the allegations in Paragraph 63 of the Complaint.

### 64.   COMPLAINT

As a direct and proximate result of Defendants' false and deceptive campaign, Dyson is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

### ANSWER TO PARAGRAPH NO. 64:

Defendants deny the allegations in Paragraph 64 of the Complaint and expressly deny that Plaintiff has suffered any injury as a result of any wrongful acts or actions by Defendants.

### 65.   COMPLAINT

Defendants have caused, and are likely to continue causing, substantial injury to the public and to Dyson.   As a direct and proximate result of these actions, Dyson has suffered and will continue to suffer significant monetary damages.

### ANSWER TO PARAGRAPH NO. 65:

Defendants deny the allegations in Paragraph 65 of the Complaint.

### 66.   COMPLAINT

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade and capitalize on the goodwill associated with Dyson's famous trademarks, trade dress, brand, and goodwill, thereby causing immediate substantial, and irreparable injury to Dyson and to the public.

### ANSWER TO PARAGRAPH NO. 66:

Defendants deny the allegations in Paragraph 66 of the Complaint.

RUSS, AUGUST & KABAT

35

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

**67.   COMPLAINT**

Defendants' acts alleged herein constitute unfair and deceptive trade practices in the course of business, trade, or commerce within the meaning of Cal. Bus. & Prof. Code § 17500 *et seq.*   Dyson is entitled to injunctive relief and to the recovery of actual damages, compensatory damages, attorneys' fees, costs, Defendants' profits, and enhanced profits.   Moreover, Defendants' intentional willful, and malicious acts were done with the knowledge, intent, authorization, and/or ratification of their respective limited liability company members, thereby entitling Dyson to punitive damages to punish and deter Defendants from continuing such acts.

**ANSWER TO PARAGRAPH NO. 67:**

Defendants deny the allegations in Paragraph 67 of the Complaint.

**COUNT III**

**UNFAIR AND DECEPTIVE TRADE PRACTICES**

**IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *ET SEQ.***

**68.   COMPLAINT**

Dyson realleges and incorporates by reference paragraphs 1 through 67 of the Complaint, as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 68:**

Defendants admit that paragraphs 1 through 67 of the Complaint are incorporated by reference, and Defendants incorporate their responses to those paragraphs as if fully set forth herein.

**69.   COMPLAINT**

Dyson and Defendants are engaged in trade and commerce in the State of California and both are engaged in interstate trade or commerce.

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

**ANSWER TO PARAGRAPH NO. 69:**

The allegations in Paragraph 69 of the Complaint state legal conclusions to which no responsive pleading is required.  To the extent that a responsive pleading is deemed to be required, Defendants admit that they are engaged in trade in commerce in the State of California.  Defendants further admit that they engage in interstate trade or commerce.  Defendants lack information or knowledge sufficient to form a belief as to the remaining allegations in Paragraph 69 and on that basis deny them.

**70.    COMPLAINT**

Defendants' unscrupulous actions constitute unfair competition and deceptive trade practices and have caused, and, unless enjoined by this Court, will continue to cause, confusion and public deception in the marketplace and injury to Dyson's goodwill and reputation, for which Dyson has no adequate remedy at law.

**ANSWER TO PARAGRAPH NO. 70:**

Defendants deny the allegations in Paragraph 70 of the Complaint.

**71.    COMPLAINT**

Defendants have caused a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of their products, causing a likelihood of confusion as to Defendants' affiliation, connection, or association with Dyson, and are otherwise damaging Dyson and the public.  Defendants have also disparaged Dyson and its products' quality, thereby damaging Dyson.

**ANSWER TO PARAGRAPH NO. 71:**

Defendants deny the allegations in Paragraph 71 of the Complaint.

**72.    COMPLAINT**

As a direct and proximate result of Defendants' false and deceptive campaign, Dyson is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF
DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

**ANSWER TO PARAGRAPH NO. 72:**

Defendants deny the allegations in Paragraph 72 of the Complaint.

**73.    COMPLAINT**

Defendants have caused, and are likely to continue causing, substantial injury to the public and to Dyson. As a direct and proximate result of these actions, Dyson has suffered and will continue to suffer significant monetary damages.

**ANSWER TO PARAGRAPH NO. 73:**

Defendants deny the allegations in Paragraph 73 of the Complaint.

**74.    COMPLAINT**

Defendants' actions demonstrate an intentional, willful, and malicious intent to trade and capitalize on the goodwill associated with Dyson's famous trademarks, trade dress, brand, and goodwill, thereby causing immediate substantial, and irreparable injury to Dyson and to the public.

**ANSWER TO PARAGRAPH NO. 74:**

Defendants deny the allegations in Paragraph 74 of the Complaint.

**75.    COMPLAINT**

Defendants' acts alleged herein constitute unfair and deceptive trade practices in the course of business, trade, or commerce within the meaning of Cal. Bus. & Prof. Code § 17200 *et seq.*  Dyson is entitled to injunctive relief and to the recovery of actual damages, compensatory damages, attorneys' fees, costs, Defendants' profits, and enhanced profits. Moreover, Defendants' intentional, willful, and malicious acts were done with the knowledge, intent, authorization, and/or ratification of their respective limited liability company members, thereby entitling Dyson to punitive damages to punish and deter Defendants from continuing such acts.

**ANSWER TO PARAGRAPH NO. 75:**

Defendants deny the allegations in Paragraph 75 of the Complaint.

38

RUSS, AUGUST & KABAT

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

## COUNT IV

## UNFAIR COMPETITION

## IN VIOLATION OF CALIFORNIA COMMON LAW

**76.    COMPLAINT**

Dyson realleges and incorporates by reference paragraphs 1 through 75 of the Complaint, as if fully set forth herein.

**ANSWER TO PARAGRAPH NO. 76:**

Defendants admit that paragraphs 1 through 75 of the Complaint are incorporated by reference, and Defendants incorporate their responses to those paragraphs as if fully set forth herein.

**77.    COMPLAINT**

Defendants' acts alleged herein constitute unfair competition in the course of business, trade, or commerce in violation of the common law of California. Dyson is therefore entitled to injunctive relief and to the recovery of actual damages, compensatory damages, attorneys' fees, costs, Defendants' profits, and enhanced profits.   Moreover, Defendants' intentional, willful, and malicious acts were done with the knowledge, intent, authorization, and/or ratification of their respective limited liability company members, thereby entitling Dyson to punitive damages to punish and deter Defendants from continuing such acts.

**ANSWER TO PARAGRAPH NO. 77:**

Defendants deny the allegations in Paragraph 77 of the Complaint.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief requested in the Prayer for Relief in its Complaint, or any other relief whatsoever.

**AFFIRMATIVE DEFENSES**

Further answering the Complaint, Defendants assert the following separate and distinct defenses in response to the allegations in the Complaint, undertaking

39

---

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein.  Defendants reserve the right to amend their answer with additional defenses as further information is obtained.

### First Affirmative Defense

Each and every cause of action fails to state facts sufficient to constitute a claim or cause of action upon which relief may be granted.

### Second Affirmative Defense

Each and every cause of action is barred in whole or in part by the doctrine of unclean hands.

### Third Affirmative Defense

Each and every cause of action is barred in whole or in part by the doctrines of estoppel, equitable estoppel, laches, acquiescence, and/or waiver.

### Fourth Affirmative Defense

Each and every cause of action is barred in whole or in part because the advertising claims at issue are literally truthful or truthful in the context in which they were made.

### Fifth Affirmative Defense

Each and every cause of action is barred in whole or in part because the advertising claims at issue express opinions, not facts.

### Sixth Affirmative Defense

Each and every cause of action is barred in whole or in part because the advertising claims at issue are not deceptive and do not have the tendency to deceive a substantial segment of U.S. consumers of upright vacuum cleaners.

### Seventh Affirmative Defense

Each and every cause of action is barred in whole or in part because the advertising claims at issue are not material to decisions of U.S. consumers regarding the purchase of an upright vacuum cleaner.

40

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

**Eighth Affirmative Defense**

Each and every cause of action is barred in whole or in part because Plaintiff has not suffered, and is not likely to suffer, any injury as a result of the advertising claims at issue.

WHEREFORE, Defendants pray:

1.)    That the Court enter judgment dismissing Plaintiff's Complaint in its entirety, with prejudice;

2.)    That the Court award Defendants their costs and expenses, including attorney's fees; and

3.)    That the Court grant Defendants such other and further relief as it deems just and proper.

Date:  April 15, 2010                      RUSS, AUGUST & KABAT

By:   /s/Robert F. Gookin
Robert F. Gookin
Attorneys for Defendants
Garry Vacuum, LLC and Envion, LLC

41

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

# CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2010 the foregoing document **DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF** was filed electronically via the Court's Electronic Case Filing System (ECF).  Notice of the filing is being served upon all counsel of record automatically through Notice of Electronic Filing:

| | |
|---|---|
| Robert H. Horn<br>Email: rhorn@proskauer.com<br>PROSKAUER ROSE LLP<br>2049 Century Park East, 32nd Floor<br>Los Angeles, CA 90067-3206<br><br>Lawrence I. Weinstein<br>Email: lweinstein@proskauer.com<br>Brendan J. O'Rourke<br>Email: borourke@proskauer.com<br>PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, NY 10036-8299 | Counsel for Plaintiff<br>**DYSON, INC.** |

    /s/ Robert F. Gookin
      Robert F. Gookin

**DEFENDANTS GARRY VACUUM, LLC'S AND ENVION, LLC'S ANSWER TO PLAINTIFF DYSON, INC.'S COMPLAINT FOR INJUNCTION, DAMAGES AND OTHER RELIEF**

**Case No. CV10-1626 MMM (VBKx)**

RUSS, AUGUST & KABAT