Richard P. Sybert, Bar No. 80731
email rsybert@gordonrees.com
Yuo-Fong Chang Amato, Bar No. 261453
email bamato@gordonrees.com
GORDON & REES, LLP
633 West Fifth Street, 49th Floor
Los Angeles, California  90071
tel (213) 576-5000 / fax (213) 680 4470

Attorneys for Defendants and Counterclaimants
GARRY VACUUM, LLC and ENVION, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYSON, INC.<br><br>                 Plaintiff,<br><br>      v.<br><br>GARRY VACUUM, LLC and ENVION, LLC,<br><br>                 Defendants. | Case No. CV10-1626 MMM (VBKx)<br><br>[Assigned to The Honorable Margaret M. Morrow]<br><br>**AMENDED ANSWER AND COUNTERCLAIMS OF DEFENDANTS AND COUNTER-CLAIMANTS GARRY VACUUM, LLC AND ENVION, LLC**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed:   March 4, 2010<br>Answer filed:      April 15, 2010 |

## AMENDED ANSWER TO COMPLAINT

Defendants Garry Vacuum, LLC ("Garry") and Envion, LLC ("Envion") (collectively, "Defendants") answer the Complaint of Plaintiff Dyson, Inc. ("Plaintiff") as follows.

1.     Responding to the allegations of Paragraph 1, Defendants admit that Plaintiff purports to state causes of action for false advertising under the Lanham Act, 15 U.S.C. § 1125(a); and related violations of the California False Advertising

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1

and Unfair Competition Acts, Cal. Bus. & Prof. Code § 17500 *et seq*. and § 17200 *et seq*., and California common law. Defendants expressly deny that they have engaged in any of the wrongful or illegal activities alleged in the Complaint and further expressly deny that Plaintiff is entitled to any relief whatsoever.

2.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint and on that basis deny those allegations.

3.      Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint and on that basis deny those allegations.

4.      Defendants admit that they sell the Garry™ Ultra-Light Upright Vacuum. Defendant Garry further admits that its advertising contains generalized claims of superiority to other vacuum cleaners, including those sold by Plaintiff. Defendants deny the remaining allegations of Paragraph 4 of the Complaint.

5.      The allegations of Paragraph 5 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Defendant Garry admits that its advertising contains generalized claims of superiority to other vacuum cleaners, but Defendants deny the remaining allegations of Paragraph 5 of the Complaint.

6.      Defendants deny the first allegation of Paragraph 6 of the Complaint. Defendants are without information of knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6 of the Complaint and on that basis deny them.

7.      The allegations of Paragraph 7 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 7 of the Complaint and expressly deny that they have disseminated any false or misleading claims in any advertising.

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

2

8.     The allegations of Paragraph 8 of the Complaint are self-serving and unfounded legal conclusion to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 8 of the Complaint and expressly deny that they have engaged in any "campaign of false advertising," and further deny that Plaintiff has suffered any damage as a result of Defendants' advertising.

9.     Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint and on that basis deny those allegations.

10.     Defendant Garry admits that Garry is registered as a limited liability company in the State of Delaware, with its principal place of business located at 7821 Orion Avenue, Suite 200, Lake Balboa, California 91406. Defendant Garry further admits that Garry maintains a customer service address at P.O. Box 9169, Van Nuys, California 91409. Defendant Garry still further admits that Garry markets and sells the Garry Vacuum. Defendants deny the remaining allegations of Paragraph 10 of the Complaint.

11.     Envion admits the allegations of Paragraph 11 of the Complaint.

12.     Defendants deny the allegations in the first sentence of Paragraph 12 of the Complaint. Garry admits that its advertisements have been broadcast and otherwise published in various locations throughout the country, including in this District. Defendants deny the remaining allegations of Paragraph 12 of the Complaint.

13.     Defendants admit that this Court has subject matter jurisdiction over this action.

14.     The allegations of Paragraph 14 of the Complaint are legal conclusions to which no responsive pleading is required. To the extent a responsive pleading is deemed to be required, Defendants deny that they have caused any injury to Plaintiff

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

3

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1    in the State of California or anywhere else. Notwithstanding the above, Defendants

2    do not contest personal jurisdiction in this District.

3          15.    The allegations of Paragraph 15 of the Complaint are legal conclusions

4    to which no responsive pleading is required. To the extent a responsive pleading is

5    deemed to be required, Defendants deny that they have committed any acts or

6    omissions that give rise to the claims in the Complaint and further deny that they

7    have interfered with or violated any lawful right of Plaintiff in this District or

8    anywhere else. Notwithstanding the above, Defendants do not contest venue in

9    this District.

10         16.    Defendants are without information or knowledge sufficient to form a

11   belief as to the truth of the allegations of Paragraph 16 of the Complaint and on that

12   basis deny those allegations.

13         17.    Defendants are without information or knowledge sufficient to form a

14   belief as to the truth of the allegations of Paragraph 17 of the Complaint and on that

15   basis deny those allegations.

16         18.    Defendants are without information or knowledge sufficient to form a

17   belief as to the truth of the allegations of Paragraph 18 of the Complaint and on that

18   basis deny those allegations.

19         19.    Defendants are without information or knowledge sufficient to form a

20   belief as to the truth of the allegations of Paragraph 19 of the Complaint and on that

21   basis deny those allegations.

22         20.    Defendants are without information or knowledge sufficient to form a

23   belief as to the truth of the allegations of Paragraph 20 of the Complaint and on that

24   basis deny those allegations.

25         21.    Defendants admit that the Garry Vacuum is sold through direct

26   marketing efforts on Garry's website and via infomercial advertising. Defendants

27   further admit that the Garry Vacuum is available for sale at Bed, Bath & Beyond.

28   Defendants are without information or knowledge sufficient to form a belief as to

4

the truth of the remaining allegations of Paragraph 21 of the Complaint and on that basis deny them.

22.     Defendants admit that the Garry Vacuum may be purchased on the Garry website and that the Garry Vacuum has been available at Bed, Bath and Beyond. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22 of the Complaint and on that basis deny them.

23.     Defendants admit that the Garry Vacuum is advertised in an infomercial that has appeared on television in California and in other states. Defendants are without information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23 of the Complaint and on that basis deny them.

24.     Defendants admit that the Infomercial has aired on television, including on Home & Garden Television, TV Food Network, Women's Entertainment, USA USA Network, The History Channel, and The Discovery Channel. Defendants deny the remaining allegations of Paragraph 24 of the Complaint.

25.     Defendants admit that the Garry Vacuum is advertised through an approximately 5-minute video that is available at <www.garryvac.com> and deny the remaining allegations of Paragraph 25 of the Complaint.

26.     The allegations of Paragraph 26 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 26 of the Complaint.

27.     Defendants deny the allegations of Paragraph 27 of the Complaint.

28.     The allegations of Paragraph 28 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 28 of the Complaint and expressly deny that the Infomercial communicates any actionable false claims.

GARRY VACUUM, LLC'S AND ENVION, LLC'S                    Case No. CV10-1626 MMM (VBKx)
AMENDED ANSWER AND COUNTERCLAIMS

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

29.     The allegations of Paragraph 29 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 29 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

30.     The allegations of Paragraph 30 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants admit that the Garry Vacuum box contains the cited language. Defendants deny the remaining allegations of Paragraph 30 of the Complaint and expressly deny that they have made any actionable false or disparaging claims about Dyson vacuum cleaners.

31.     The allegations of Paragraph 31 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 31 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

32.     The allegations of Paragraph 32 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 32 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

33.     The allegations of Paragraph 33 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 33 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

34.     The allegations of Paragraph 34 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the

extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 34 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

35. The allegations of Paragraph 35 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 35 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

36. Defendants admit that the Infomercial depicts a series of five challenges. However, Defendants deny Plaintiff's characterization of these challenges of Paragraph 36 of the Complaint and further deny that the allegations of Paragraph 36 of the Complaint state any actionable false claims.

37 Defendants admit that the Advertisements contains the statements alleged in Paragraph 37 of the Complaint, but deny that the allegations of Paragraph 37 of the Complaint state any actionable false claims.

38. The allegations of Paragraph 38 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 38 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

39. The allegations of Paragraph 39 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 39 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

40. The allegations of Paragraph 40 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

7

allegations of Paragraph 40 of the Complaint and deny that the alleged Advertisements communicate any actionable false claims.

41.     The allegations of Paragraph 41 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 41 of the Complaint.

42.     The allegations of Paragraph 42 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 42 of the Complaint and further deny that the alleged Advertisements communicate any actionable false claims.

43.     The allegations of Paragraph 43 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 43 of the Complaint and expressly deny that the alleged Advertisements communicate any actionable false claims.

44.     The allegations of Paragraph 44 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 44 of the Complaint and expressly deny that they have made any actionable false claims regarding the Garry Vacuum and Dyson vacuum cleaners.

45.     The allegations of Paragraph 45 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the extent that a responsive pleading is deemed to be required, Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     The allegations of Paragraph 46 of the Complaint are self-serving and unfounded legal conclusions to which no responsive pleading is required. To the

8

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1   extent that a responsive pleading is deemed to be required, Defendants deny the
2   allegations of Paragraph 46 of the Complaint.

3       47.     The allegations of Paragraph 47 of the Complaint are self-serving and
4   unfounded legal conclusions to which no responsive pleading is required. To the
5   extent that a responsive pleading is deemed to be required, Defendants deny the
6   allegations of Paragraph 47 of the Complaint.

7       48.     The allegations of Paragraph 48 of the Complaint are self-serving and
8   unfounded legal conclusions to which no responsive pleading is required. To the
9   extent that a responsive pleading is deemed to be required, Defendants deny the
10  allegations of Paragraph 48 of the Complaint.

11      49.     The allegations of Paragraph 49 of the Complaint are self-serving and
12  unfounded legal conclusions to which no responsive pleading is required. To the
13  extent that a responsive pleading is deemed to be required, Defendants deny the
14  allegations of Paragraph 49 of the Complaint.

15      50.     The allegations of Paragraph 50 of the Complaint are self-serving and
16  unfounded legal conclusions to which no responsive pleading is required. To the
17  extent that a responsive pleading is deemed to be required, Defendants deny the
18  allegations of Paragraph 50 of the Complaint.

19      51.     The allegations of Paragraph 51 of the Complaint are self-serving and
20  unfounded legal conclusions to which no responsive pleading is required. To the
21  extent that a responsive pleading is deemed to be required, Defendants deny the
22  allegations of Paragraph 51 of the Complaint.

23      52.     The allegations of Paragraph 52 of the Complaint are self-serving and
24  unfounded legal conclusions to which no responsive pleading is required. To the
25  extent that a responsive pleading is deemed to be required, Defendants deny the
26  allegations of Paragraph 52 of the Complaint.

27      53.     The allegations of Paragraph 53 of the Complaint are self-serving and
28  unfounded legal conclusions to which no responsive pleading is required. To the

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

9

1    extent that a responsive pleading is deemed to be required, Defendants deny the

2    allegations of Paragraph 53 of the Complaint.

3        54.    The allegations of Paragraph 54 of the Complaint state a legal

4    conclusion to which no responsive pleading is required. To the extent that a

5    responsive pleading is deemed to be required, Defendants admit that the complained

6    of Advertisements, Commercial, and Infomercial occur in, or affect, interstate

7    commerce.

8        55.    Defendants admit that Paragraphs 1 through 54 of the Complaint are

9    incorporated by reference, and in response Defendants incorporate their responses to

10   those Paragraphs as if fully set forth herein.

11       56.    Defendants deny the allegations of Paragraph 56 of the Complaint.

12       57.    Defendants deny the allegations of Paragraph 57 of the Complaint.

13       58.    Defendants deny the allegations of Paragraph 58 of the Complaint.

14       59.    Defendants deny the allegations of Paragraph 59 of the Complaint.

15       60.    Defendants admit that Paragraphs 1 through 59 of the Complaint are

16   incorporated by reference, and in response Defendants incorporate their responses to

17   those Paragraphs as if fully set forth herein.

18       61.    The allegations of Paragraph 61 of the Complaint state legal

19   conclusions to which no responsive pleading is required. To the extent that a

20   responsive pleading is deemed to be required, Defendants admit that they are

21   engaged in trade in commerce in the State of California. Defendants further admit

22   that they engage in interstate trade or commerce. Defendants lack information or

23   knowledge sufficient to form a belief as to the remaining allegations of Paragraph 61

24   and on that basis deny them.

25       62.    Defendants deny the allegations of Paragraph 62 of the Complaint and

26   expressly deny that they have engaged in any "unscrupulous actions."

27       63.    Defendants deny the allegations of Paragraph 63 of the Complaint.

28       64.    Defendants deny the allegations of Paragraph 64 of the Complaint and

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

10

1   expressly deny that Plaintiff has suffered any injury as a result of any wrongful

2   acts or actions by Defendants.

3       65.     Defendants deny the allegations of Paragraph 65 of the Complaint.

4       66.     Defendants deny the allegations of Paragraph 66 of the Complaint.

5       67.     Defendants deny the allegations of Paragraph 67 of the Complaint.

6       68.     Defendants admit that Paragraphs 1 through 67 of the Complaint are

7   incorporated by reference, and in response Defendants incorporate their responses to

8   those Paragraphs as if fully set forth herein.

9       69.     The allegations of Paragraph 69 of the Complaint are legal conclusions

10  to which no responsive pleading is required. To the extent that a responsive pleading

11  is deemed to be required, Defendants admit that they are engaged in trade in

12  commerce in the State of California. Defendants further admit that they engage in

13  interstate trade or commerce. Defendants lack information or knowledge sufficient

14  to form a belief as to the remaining allegations of Paragraph 69 and on that basis

15  deny them.

16      70.     Defendants deny the allegations of Paragraph 70 of the Complaint.

17      71.     Defendants deny the allegations of Paragraph 71 of the Complaint.

18      72.     Defendants deny the allegations of Paragraph 72 of the Complaint.

19      73.     Defendants deny the allegations of Paragraph 73 of the Complaint.

20      74.     Defendants deny the allegations of Paragraph 74 of the Complaint.

21      75.     Defendants deny the allegations of Paragraph 75 of the Complaint.

22      76.     Defendants admit that Paragraphs 1 through 75 of the Complaint are

23  incorporated by reference, and in response Defendants incorporate their responses to

24  those Paragraphs as if fully set forth herein.

25      77.     Defendants deny the allegations of Paragraph 77 of the Complaint.

26                **RESPONSE TO PRAYER FOR RELIEF**

27      Defendants deny that Plaintiff is entitled to any relief requested in the

28  Prayer for Relief in its Complaint, or any other relief whatsoever.

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

11

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

# AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendants assert the following separate and distinct defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. Defendants reserve the right to amend their answer with additional defenses as further information is obtained.

## First Affirmative Defense

Each and every claim or cause of action fails to state facts sufficient to constitute a claim or cause of action upon which relief may be granted.

## Second Affirmative Defense

Each and every claim or cause of action is barred in whole or in part by the doctrine of unclean hands.

## Third Affirmative Defense

Each and every claim or cause of action is barred in whole or in part by the doctrines of estoppel, equitable estoppel, laches, acquiescence, and/or waiver.

## Fourth Affirmative Defense

Each and every claim or cause of action is barred in whole or in part because the advertising claims at issue are literally truthful or truthful in the context in which they were made.

## Fifth Affirmative Defense

Each and every claim or cause of action is barred in whole or in part because the advertising claims at issue express opinions, not facts.

## Sixth Affirmative Defense

Each and every claim or cause of action is barred in whole or in part because the advertising claims at issue are not deceptive and do not have the tendency to deceive a substantial segment of U.S. consumers of upright vacuum cleaners.

///

///

12

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

### Seventh Affirmative Defense

Each and every claim or cause of action is barred in whole or in part because the advertising claims at issue are not material to decisions of U.S. consumers regarding the purchase of an upright vacuum cleaner.

### Eighth Affirmative Defense

Each and every claim or cause of action is barred in whole or in part because Plaintiff has not suffered, and is not likely to suffer, any injury as a result of the advertising claims at issue.

WHEREFORE, Defendants pray:

1. That the Court enter judgment dismissing Plaintiff's Complaint in its entirety, with prejudice;

2. That the Court award Defendants their costs and expenses, including attorney's fees; and

3. That the Court grant Defendants such other and further relief as it deems just and proper.

### COUNTERCLAIMS

For its counterclaims against Dyson, Inc., Garry Vacuum, LLC ("Garry") and Envion, LLC ("Envion") (collectively, "Counterclaimants") state as follows:

### PARTIES

1.      Garry is a limited liability company registered in Delaware and registered to do business in California.  Garry's principal place of business is 7821 Orion Avenue, Suite 200, Lake Balboa, California 91406.  Garry sells the Garry Ultra Light Vacuum (the "Garry Vacuum") exclusively through direct-to-market channels, including television and the Internet.

2.      Envion is a limited liability company registered in Delaware and registered to do business in California.  Envion's principal place of business is also 7821 Orion Avenue, Suite 200, Lake Balboa, California 91406.  Envion sells the Garry Vacuum exclusively through retail channels, currently Bed Bath and Beyond.

3.     On information and belief, Dyson, Inc. ("Dyson") is a corporation incorporated in Illinois with its principal place of business at 600 West Chicago Avenue, Suite 275, Chicago, Illinois.  Dyson designs, markets and sells vacuum cleaners throughout the United States and in California, including this District.  Dyson markets and sells its line of vacuums both through direct-to-market channels and retail outlets, including Bed, Bath and Beyond.  On information and belief, Dyson is a private company owned by James Dyson, a foreign British national whose net worth in 2008 was estimated to be $1.1 billion.

## JURISDICTION AND VENUE

4.     These counterclaims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and under the statutory and common law of the State of California.   This Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.  This Court has supplemental jurisdiction over Counterclaimants' state law claims under 28 U.S.C. § 1367(a), as they are related to the federal claims and form part of the same case or controversy.

5.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

6.     Dyson began manufacturing and selling vacuum cleaners in Great Britain in the 1990s, and entered the U.S. market in 2002.  Dyson advertises its vacuums on television, over the Internet and in print, and sells its vacuums on television, over the Internet, and in retail stores, including Bed, Bath and Beyond, where it competes directly with the Garry Vacuum.

7.     Since Dyson entered the marketplace, Dyson has purposefully embarked on a sustained campaign of (i) false advertising to deceive consumers and the American public based on claims that are literally and materially false; (ii) abusive and meritless litigation (such as the instant Complaint) brought and

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

14

1    maintained for the purpose of harassing, intimidating, and imposing substantial costs

2    on its smaller competitors such as Garry to try to keep them out of the marketplace.

3        8.    Dyson's success has been driven by one of the most aggressive and

4    deceptive marketing campaigns in the history of home appliances.  Dyson has spent

5    literally tens of millions of dollars on television and print advertising falsely touting

6    the purported advantages of Dyson vacuums. Dyson's advertisements have

7    consistently and falsely claimed that Dyson vacuum cleaners:

8        • Never lose suction;

9        • Never clog;

10        • Always work effectively;

11        • Are superior to other vacuum cleaners for allergy sufferers;

12        • Clean the air;

13        • Do not rely on filters;

14        • Have no maintenance costs;

15        • Contain "lifetime" HEPA filters.

16    These claims are literally false because they materially misrepresent the nature,

17    qualities and characteristics of Dyson's vacuums and falsely tout Dyson's

18    superiority to all other vacuums.

19        9.    Dyson has no reasonable or defensible basis for any of these claims.

20    In fact, in December 2008, the British Advertising Standards Authority in Dyson's

21    home jurisdiction of Great Britain, instructed Dyson to cease and desist from

22    making certain of these false claims about its vacuum cleaners.

23        10.    Garry Vacuum, LLC introduced the Garry ultra-light vacuum to

24    consumers in February of 2009 through a 30-minute long-form infomercial and

25    website promoting the product.  The infomercial describes the benefits of the Garry

26    vacuum in comparison with the Oreck XL Gold and the Dyson D15 Animal.  The

27    Garry Vacuum is a high-quality, low-cost alternative to the far higher-priced Dyson

28    line of vacuums.  In comparison with Dyson vacuums, the Garry vacuum is ultra

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

15

light weight and offers convenient features like a low profile which enables it to reach under furniture without the use of attachments.

11. Garry and Dyson are direct competitors. The monetary and reputation damage that has been suffered and is likely to be suffered by Garry as a result of Dyson's false advertising is considerable, and will increase unless Dyson is permanently enjoined from continuing to make these misrepresentations to American consumers.

## DYSON'S "NO LOSS OF SUCTION" CLAIMS

12. Dyson's entire advertising campaign over the past two decades has been premised on Dyson's false claim that its vacuum cleaners "never lose suction." Dyson has repeated this false claim (and variations thereof) extensively in television ads, on the Internet and in print advertisements.

13. For example, Dyson's television ads falsely represent that:

- "It all began with cyclone technology, the fundamental answer to loss of suction."
- "And of course, it doesn't lose suction."
- "Room after room, it *never* loses suction. It's a completely different cleaning system."
- "With patented cyclone technology, it's the most powerful lightweight vacuum and the only one that doesn't lose suction."
- "So room after room it *never* loses suction."
- "Dyson – the vacuum cleaner that doesn't lose suction."
- "Other vacuum cleaners use bags and filters which clog with dust so they lose suction. A Dyson is different because it doesn't rely on bags or filters so it never clogs and *never* loses suction."
- "No loss of suction."
- "The most powerful handheld that doesn't lose suction."
- "The first vacuum that doesn't lose suction."

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

14.     Dyson has made similar false claims on the Home Shopping Network ("HSN"), including:

- "You never lose suction with a Dyson"
- "Dyson doesn't lose suction"
- "Dyson never ever loses suction.  That's one of the most amazing things about it."

15.     On its website, Dyson falsely claims that:

- "Unlike other vacuum cleaners, Dyson machines don't lose suction." (http://www.dyson.com/technology/rootcyclone.asp).
- "Because they use Root Cyclone™ technology, Dyson machines don't lose suction power, helping them remove more dust, dirt and allergens from your home." (www.dyson.com/store/allergy.asp)
- "Instead of relying on bags and filters to trap dust, a Dyson vacuum uses patented cyclone technology to spin the dirt out of the air.  That's one of the reasons why it doesn't lose suction, picks up more dirt from your home and expels clean air." (www.dyson.com/vacuums/wmdd.asp)
- "All Dyson upright and canister vacuums have:  No loss of suction." (www.dyson.com/store/product.asp?product=DC25-ALLFLOORS)
- "Root Cyclone™ technology means Dyson vacuums don't lose suction power as you clean." (www.dyson.com/store/product.asp?product=DC25-ALLFLOORS)
- "Dyson engineers spent three years developing Airmuscle™ technology … to thoroughly clean every floor surface, without losing suction." (www.dyson.com/vacuums/default.asp)
- "Dyson Animal vacuums remove cat, dog and other pet hair from your home using centrifugal forces 150,00 times gravity.  With no loss of suction." (www.dyson.com/store/pets.asp)

17

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- "1975  Frustrated with bagged cleaners that clog, James Dyson starts to develop the Dual Cyclone, the only vacuum cleaner that doesn't lose suction."  (www.dyson.com/environment/)

16.     On its website, Dyson also includes a section on "Why ordinary vacuums lose suction" and "Why Root Cyclone™ technology doesn't." (www.dyson.com/technology/rootcyclone.asp)

17.     In its print ads, Dyson disparages all other vacuum cleaners and falsely claims, among other things, that:

- "Dyson is the only vacuum in the world that never loses suction while releasing fresh, clean air into your home."
- "Unlike other vacuums, the suction power of a Dyson doesn't decline."
- "Although manufacturers are reluctant to admit it, other vacuums on the market today quickly get clogged and lose suction.  Not Dyson."
- "And while other vacuums quickly get clogged and lose suction, a Dyson doesn't."
- "Because a Dyson doesn't clog like other vacuums, the suction power remains constant, room after room, after room."
- "No clogged bags, no clogged filters, and no loss of suction mean only one thing.  It's a Dyson."
- "Unlike other vacuums that clog, the suction power of a Dyson doesn't fade."
- "So, after testing over 5,000 prototypes, [James Dyson] created the first vacuum cleaner that doesn't lose suction."
- "The first vacuum that doesn't lose suction."
- "It doesn't lose suction."
- "For 92 years, everyone accepted that vacuum cleaners lost suction… [James Dyson] created the first vacuum cleaner that doesn't lose suction."

18

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- "It separates dirt from the air at incredibly high speeds, so a Dyson never loses suction no mater how much you vacuum."
- "Other vacuums begin to clog and lose suction as you use them. A Dyson never does."
- "No clogging. No loss of suction."
- "Introducing the only canister vacuum that doesn't lose suction."
- "And it doesn't clog or lose suction."
- "The only time it loses suction is when it's turned off."

18.    These claims are patently false.    The fact that Dyson's vacuums lose suction is evidenced by Dyson's own website, which includes numerous pages of instructions to consumers regarding what to do when their Dyson vacuum cleaners lose suction.  For example, Dyson's website includes eleven pages of instructions for its DC17 All Floors model and six pages of instructions for its DC25 All Floors model regarding what to do when "Machine not sucking / picking up as well as usual."  These include instructions for removing and washing the filters, checking the hose for blockages, checking the U-bend for blockages, and checking the bin entry and main duct for blockages.

19.    Dyson has no reasonable basis for its claims that its vacuum cleaners never lose suction.  In order to substantiate such claims, Dyson would have to show that its vacuums do not lose suction over time and with repeated use.  See *The Hoover Company,* NAD Case # 4467 (04/05/06), where Dyson itself successfully challenged a competitor's "no loss of suction" claim, and the National Advertising Division (NAD) of the Better Business Bureau rejected the competitor's proffered substantiation on the basis of compliance with an industry technical standard, ASTM F558 (one of the same standards Dyson relies on to support its own claim). The NAD found that "the standard does not provide for measuring the suction of a cleaner in a dust-loaded condition," and was "not persuaded" that the test "was representative of real world experience of consumers" or "how vacuum cleaners

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

19

perform over time." "'[N]o loss of suction' is a broad claim that reasonably communicates to consumers a performance attribute that occurs over time and with repeated use....'")  Yet there is simply no way a valid test would show that a Dyson vacuum used repeatedly over time would not lose suction.  Like other vacuums, Dyson vacuums can and do lose suction for a number of reasons, including filters becoming clogged, the hose and other vacuum parts becoming clogged, and normal wear and tear over time.  Dyson has not yet repealed the laws of physics.

## DYSON'S "NO CLOGGING" CLAIMS

20.     As part of Dyson's campaign of deception, Dyson's advertising also repeatedly and falsely claims that Dyson vacuum cleaners never clog (a claim that is used by Dyson to explain why their vacuum cleaners purportedly never lose suction).  Dyson has repeated these false claims extensively on television ads, the Internet and in print.

21.     For example, Dyson's television ads falsely represent that:

- "Other vacuum cleaners use bags and filters which clog with dust so they lose suction.  A Dyson is different because it doesn't rely on bags or filters so it never clogs and never loses suction."

- "No clogging.  No loss of suction."

- "So nothing gets clogged.  Ever."

22.     In its print ads, Dyson disparages all other vacuum cleaners and falsely claims, among other things, that:

- "Although manufacturers are reluctant to admit it, other vacuums on the market today quickly get clogged and lose suction.  Not Dyson."

- "And while other vacuums quickly get clogged and lose suction, a Dyson doesn't."

- "Other vacuums begin to clog and lose suction as you use them.  A Dyson never does."

- "All other vacuums clog.  Not a Dyson."

20

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

- "Because a Dyson doesn't clog like other vacuums, the suction power remains constant, room after room, after room."
- "No clogged bags, no clogged filters, and no loss of suction mean only one thing.  It's a Dyson."
- "No bags, no clogged filters, and the first vacuum that works how it should."
- "Unlike other vacuums that clog, the suction power of a Dyson doesn't fade."
- "And it doesn't clog or lose suction."

23.     On its website, Dyson falsely claims that "ordinary vacuums" have bags that clog or filters that clog but Dyson vacuums do not clog and therefore do not lose suction. (www.dyson.com/technology/rootcyclone.asp)

24.     These claims are literally false.  Dyson vacuums include filters that can and do get clogged, causing the vacuum to lose suction.  The hose and other parts of the Dyson vacuum can also get clogged, causing the vacuum to lose suction.

25.     Dyson's own website includes a customer support section which provides the following instructions on removing clogs, instructing consumers to "Check the hose for blockages and remove if necessary," "Check inside the U-bend, bottom of the hose and airway for blockages," and "Check the bin entry and main duct for blockages."

26.     Likewise, Dyson's instruction manuals include instructions on "Looking for Blockages" and how to remove blockages.

27.     Moreover, Dyson's warranty *expressly exempts clearing blockages from Dyson vacuums,* stating that "Dyson, Inc. shall not be liable for costs, damages or repairs incurred as a result of . . . Clearing blockages from your machine.":

28.     The advertising and consumer protection authority of Great Britain, Dyson's home country, has specifically repudiated Dyson's claims that its vacuums don't clog.  In December 2008, the British Advertising Standards Authority ordered

21

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1  Dyson not to repeat an ad that claims that Dyson vacuum cleaners do not clog, after

2  complaints that the Dyson ad was deceptive.   Nevertheless, Dyson's advertising

3  continues to falsely and misleadingly claim to American consumers that Dyson

4  vacuums do not clog.

5                    **"ALWAYS WORKS EFFECTIVELY" CLAIMS**

6       29.    Dyson's advertising repeatedly and falsely claims that Dyson vacuum

7  cleaners "always work effectively."  Dyson has made this false claim extensively in

8  television ads, on the Internet and in print.

9       30.    For example, Dyson claims in a television ad : "Fact – Vacuums don't

10  always work effectively.  Dyson does."  Likewise, in its print ads, Dyson claims,

11  "Vacuums don't work effectively.  Dyson does."

12       31.    The claim that Dyson vacuums "always work effectively" is literally

13  false and misleads consumers.  No vacuum "always works effectively."  Indeed,

14  Dyson's website includes a section headed "Maintaining my Dyson Vacuum"

15  which includes a subsection entitled, "My Machine is Not Working" listing a litany

16  of things that can go wrong, including "Unusual smell/noise," "My brushbar is not

17  turning," "Machine not sucking/picking up as well as usual," "Machine won't

18  switch on or turns off on its own," and "Other," and numerous pages of instructions

19  on what to do if the product has one of these problems.

20                              **ALLERGY CLAIMS**

21       32.    Dyson's advertising also repeatedly and falsely claims that Dyson

22  vacuums will provide relief for people suffering from allergies and that Dyson

23  vacuums are the best vacuums for people who suffer from allergies.  These claims

24  are of particular concern because they are health claims that are false and completely

25  unsupported by any competent medical or clinical testing.

26       33.    Throughout its advertising, Dyson touts the purported endorsement of

27  the "Asthma and Allergy Foundation."  On HSN, Dyson has falsely claimed that

28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

22

1  this endorsement means that the Dyson DC25 vacuum is better than other vacuums
2  for allergy sufferers.

3      34.    On its website (www.dyson.com/store/allergy.asp), Dyson claims that
4  its vacuums are:

- Better than "ordinary vacuums" for allergy sufferers
- "Asthma and Allergy Friendly"
- Certified by the Asthma and Allergy foundation
- Approved by 12 allergy associations worldwide
- " Proven effective for asthma and allergy sufferers" because of "Cyclone technology, which is 99.9% efficient at separating dust and dirt."

The website also claims that:

- All Dyson full-size vacuums also include a HEPA filter and "the air they expel contains up to 150 times less mold and bacteria than the air you breathe."
- The British Allergy Foundation has "validated Dyson's asthma and allergy research, helping us develop even better technology for removing household allergens."
- Dysons are "vacuum cleaners for pet owners and allergy sufferers."
- "Dyson makes vacuum cleaners with HEPA filters and motorized brush heads for powerful allergen removal and pet hair pick up"

21      35.    The most troubling of these false website claims may be that Dyson
22  vacuums have been "proven" effective for asthma and allergy sufferers.  The FTC
23  gives added scrutiny to health claims and requires advertisers who make "proven"
24  health claims to back their claims up with competent and reliable scientific
25  evidence. Yet Dyson presents no testing whatsoever to support this claim.

26      36.    Dyson's claims that its vacuums are better for people who suffer from
27  allergies are simply not true.  In fact, Dysons are some of the worst vacuums
28  available for people who suffer from allergies. As noted by *Consumer Reports*,

GARRY VACUUM, LLC'S AND ENVION, LLC'S                    Case No. CV10-1626 MMM (VBKx)
AMENDED ANSWER AND COUNTERCLAIMS

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

bagless vacuums are generally <u>worse</u> for allergy sufferers since emptying the dust cup exposes users to dust and allergens that are released back into the air. *Consumer Reports* <u>warns</u> consumers that "Emptying the dustbin and cleaning a filter can be messy, and handling it can expose you to dust and other allergens." *Vacuum Cleaner Guide: Vacuum Cleaner Features*, CONSUMER REPORTS.ORG, www.consumerreports.org/cro/<u>appliances/laundry-and-cleaning/vacuum-cleaners/ vacuum-cleaner-buying-advice/vacuum-cleaner-features/vacuum-cleaner- features.htm</u> (last visited May 6, 2010).

## CLAIMS THAT DYSON CLEANS THE AIR

37.     Dyson's advertising also falsely claims that a Dyson vacuum cleans the air. For example, Dyson's print ads falsely represent that "The air expelled from [a] Dyson is cleaner than air in the room".

38.     On its website, Dyson claims that "The air expelled from a Dyson vacuum has up to 150 times less bacteria and mold than the air you breathe." (http://www.dyson.com/about/technology/default.asp?searchType=media).

39.     Dyson provides and can provide no credible support for these claims, which are false and misleading to consumers.

## CLAIMS OF NO RELIANCE ON FILTERS

40.     Dyson falsely claims that Dyson vacuums are different from other vacuums because Dyson vacuums "don't rely on filters." For example, in its television ads, Dyson claims that, "Other vacuum cleaners use bags and filters which clog with dust so they lose suction. A Dyson is different *because it doesn't rely on bags or filters* so it never clogs and never loses suction."

41.     On Dyson's website, Dyson claims that "*Instead of relying on bags and filters to trap the dust*, a Dyson vacuum uses patented cyclone technology to spin the dirt out of the air." (www.dyson.com/vacuums/wmdd.asp)

42.     On its website, Dyson claims, "Ordinary bagless cleaners work in a similar way to those with bags. The cyclone collects the large dirt, *but a central*

24

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

*filter is still required to trap the fine dust.* Just like a bag, it quickly clogs". Dyson further claims that its vacuums "spin the air so fast" they "fling dust and dirt out of the air and straight into the clear bin.™ *And that includes the fine dust that clogs the filters in ordinary bagless vacuums.*" (www.dyson.com/technology/rootcyclone.asp)

43.   In Dyson's print ads, Dyson claims, "No clogged bags, no clogged filers, and no loss of suction mean only one thing. It's a Dyson."

44.   These claims are literally false and mislead consumers to believe that Dyson's cyclone technology has made it possible for its vacuum cleaners to operate effectively without filters, and that consumers will save money because they will not need to purchase replacement filters.

45.   In fact, Dyson vacuums do rely on filters. Dyson vacuums have two filters, a pre-filter and a post-filter, each of which traps dirt and dust left in the air after the air goes through the cyclones. Both of these filters are necessary for Dyson vacuums to operate effectively. When these filters become clogged, the vacuums lose suction and do not function properly.   Thus, Dyson's claims that its vacuums do not rely on filters is patently false.

46.   Dyson's claims that its customers will not have to purchase replacement filters is also false.   The performance of the Dyson filters decreases dramatically with use and with each washing. In order to maintain the performance of the vacuum, Dyson users will have to replace the filters. Replacement filters for Dyson vacuums are readily available on the web, for example at www.amazon.com.

47.   Dyson is on notice that its "doesn't rely on filters" claim is misleading. In December 2008, the British Advertising Standards Authority ordered Dyson not to repeat an ad that claims that Dyson vacuum cleaners do not rely on filters and do not clog, after complaints that the Dyson ad created the impression that Dyson vacuum cleaners did not have filters.

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

25

48.     Despite having this claim repudiated in Britain, Dyson's advertising continues to falsely and misleadingly claim to American consumers that Dyson vacuums do not rely on filters.

### "LIFETIME HEPA FILTER" CLAIMS

49.     Dyson also falsely claims that Dyson vacuums contain a "lifetime HEPA filter."

50.     For example, on Dyson's website, Dyson includes "Lifetime Washable HEPA filter under "Specifications" for its vacuums.

51.     In a Dyson print ad, Dyson represents, "the *lifetime HEPA filter* means there are no bags or filters to buy."

52.     These claims are literally false and misleading.

53.     High efficiency particulate air (HEPA) filters are defined as filters that capture 99.97% of particles of 0.3 microns and larger.  *See* Department of Energy Standard, DOE-STD-3020-97 Specification for HEPA filters used by DOE Contractors, Page 4; Department of Energy Standard, DOE-STD-3022-98 DOE HEPA Filter Test Program, Page 2.

54.     When HEPA filters are washed or cleaned, as the Dyson manual recommends, they lose their efficacy.  Indeed, after a single wash, the filters show a significant loss of efficacy, taking the filter out of compliance with the HEPA standard.

55.     For this reason, there is no such thing as a "lifetime HEPA filter" and Dyson's claims that its vacuum cleaners have "lifetime HEPA filters" are false and misleading.

### FIRST COUNT

### (False Advertising in Violation of the Lanham Act §43(a))

56.     Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1 through 55 of the Counterclaims above, as though set forth in full herein.

26

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

57.     Dyson's false and misleading representations of fact misrepresent the nature, characteristics and qualities of Dyson's products are literally false, implicitly false and misleading.  Accordingly, these representations constitute false advertising and false representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

58.     Dyson's false and misleading representations have deceived and have the capacity to deceive a substantial segment of potential customers.

59.     Dyson's false and misleading representations are material in that they are intended, and are likely, to mislead consumers into purchasing Dyson vacuums instead of other, lower-priced vacuums, including Defendants'.

60.     Dyson's conduct is willful, deliberate and in bad faith.

61.     This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117

62.     Both Dyson's and Counterclaimants' vacuum cleaners are sold in interstate commerce.

63.     Counterclaimants have been and are likely to continue to be damaged by Dyson's false and misleading representations regarding Dyson vacuum cleaners, entitling Counterclaimants to recover damages, including Dyson's profits from its false and misleading representations, in an amount to be proven at trial.

64.     As a direct and proximate cause of Dyson's false and deceptive advertising campaign, Counterclaimants have suffered, and unless Dyson is restrained and enjoined will continue to suffer, irreparable injury in the form of, among other things, lost goodwill, lost consumer confidence in their products and lost sales.

## **SECOND COUNT**

### **(False Advertising in Violation of the Cal. Bus. & Prof. Code § 17500 *et seq.*)**

65.     Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1 through 64 of the Counterclaims above, as though set forth in full herein.

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

66.     Counterclaimants and Dyson are engaged in trade and commerce in California, as well as in interstate trade and commerce.

67.     Dyson's unlawful and unscrupulous actions and aggressive campaign of false advertising constitute unfair competition and deceptive trade practices under California law, and have caused, and unless restrained and enjoined by this Court are likely to continue to cause, confusion in the marketplace and injury to Counterclaimants' goodwill and reputation, for which Counterclaimants have no adequate remedy at law.

68.     As a direct and proximate cause of Dyson's false and deceptive advertising campaign, Counterclaimants are suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

69.     Dyson has caused, and is likely to continue to cause, substantial injury to the public and to Counterclaimants.  As a direct and proximate cause of Dyson's actions, Counterclaimants have suffered and will continue to suffer significant money damages.

70.     Dyson's acts constitute unfair and deceptive trade practices within the meaning of California Business and Professions Code § 17500 *et seq.*  Counter-claimants are entitled to injunctive relief and to the recovery of actual damages, compensatory damages, attorneys' fees, costs, Dyson's profits, and enhanced profits.

71.     Dyson's intentional, willful and malicious acts were done knowingly, intentionally and maliciously, thereby entitling Counterclaimants to exemplary damages to punish and deter Dyson from continuing such acts.

## THIRD COUNT

**(Unfair and Deceptive Business Practice in Violation of Cal. Bus. & Prof. Code § 17200 *et seq.*)**

72.     Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1 through 71 of the Counterclaims above, as though set forth in full herein.

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

73.     Counterclaimants and Dyson are engaged in trade and commerce in California, as well as in interstate trade and commerce.

74.     Dyson's unlawful and unscrupulous actions and aggressive campaign of false advertising constitute unfair competition and deceptive trade practices under California law and have caused, and unless restrained and enjoined by this Court are likely to continue to cause, confusion in the marketplace and injury to Counterclaimants' goodwill and reputation, for which Counterclaimants have no adequate remedy at law.

75.     As a direct and proximate cause of Dyson's false and deceptive advertising campaign, Counterclaimants are suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

76.     Dyson has caused, and is likely to continue to cause, substantial injury to the public and to Counterclaimants.  As a direct and proximate cause of Dyson's actions, Counterclaimants have suffered and will continue to suffer significant money damages.

77.     Dyson's acts constitute unfair and deceptive trade practices within the meaning of California Business & Professions Code § 17200 *et seq*.  Counter-claimants are entitled to injunctive relief and to the recovery of actual damages, compensatory damages, attorneys' fees, costs, Dyson's profits, and enhanced profits.

78.     Dyson's intentional, willful and malicious acts were done knowingly, intentionally and maliciously, thereby entitling Counterclaimants to exemplary damages to punish and deter Dyson from continuing such acts.

## FOURTH COUNT

### (Unfair Competition in Violation of California Common Law)

79.     Counterclaimants reallege and incorporate by reference the allegations of Paragraphs 1 through 78 of the Counterclaims above, as though set forth in full herein.

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

GARRY VACUUM, LLC'S AND ENVION, LLC'S
AMENDED ANSWER AND COUNTERCLAIMS

Case No. CV10-1626 MMM (VBKx)

80.     Dyson's unscrupulous actions and aggressive campaign of false and misleading advertising constitute unfair competition in the course of business, trade and commerce in violation of the common law of California.  Counterclaimants are therefore entitled to injunctive relief and to the recovery of actual damages, compensatory damages, attorneys' fees, costs, Dyson's profits, and enhanced profits.

81.     Dyson's intentional, willful and malicious acts were done knowingly, intentionally and maliciously, thereby entitling Counterclaimants to exemplary damages to punish and deter Dyson from continuing such acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Counterclaimants pray for relief against Dyson and request the Court enter judgment as follows:

A.     Enjoining Dyson preliminarily and permanently from employing advertising methods that mislead consumers and disseminating advertisements containing any of the claims challenged in these Counterclaims;

C.     Ordering Dyson to account for, and to pay to Counterclaimants, all gains, profits, and advantages derived by Dyson from the above alleged wrongful acts;

D.     Awarding to Counterclaimants monetary damages they have sustained as a result of Dyson's unlawful conduct, in an amount to be proven at trial, and to be multiplied or otherwise enhanced because of Dyson's willful and deliberate activities and actions;

E.     Awarding to Counterclaimants punitive damages from their violations of California law in an amount sufficient to deter Dyson from continuing its wrongful acts;

F.     Awarding to Counterclaimants their costs and their reasonable attorneys' fees as authorized by law; and

G.     Such other and further relief as this Court deems just and proper..

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

DATED:  May 6, 2010         Respectfully submitted,

GORDON & REES LLP

by  /Richard P. Sybert/
Attorneys for Defendants
and Counterclaimants
GARRY VACUUM, LLC
and ENVION, LLC

31

# **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants and Counter-claimants hereby demand a jury trial on all claims and issues triable of right by a jury.

DATED:  May 6, 2010             Respectfully submitted,

                                GORDON & REES LLP

                                by  /Richard P. Sybert/
                                    Attorneys for Defendants
                                    and Counterclaimants
                                    GARRY VACUUM, LLC
                                    and ENVION, LLC

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2010, the foregoing document **GARRY VACUUM, LLC'S AND ENVION, LLC'S COUNTERCLAIMS** was filed electronically via the Court's Electronic Case Filing System (ECF).  Notice of the filing is being served upon all counsel of record automatically through Notice of Electronic Filing:

| | |
|---|---|
| Mr. Robert H. Horn<br>email rhorn@proskauer.com<br>PROSKAUER ROSE LLP<br>2049 Century Park East, 32nd Floor<br>Los Angeles, CA 90067-3206<br><br>Mr. Lawrence I. Weinstein<br>email lweinstein@proskauer.com<br>Mr. Brendan J. O'Rourke<br>email borourke@proskauer.com<br>PROSKAUER ROSE LLP<br>1585 Broadway<br>New York, NY 10036-8299 | Counsel for Plaintiff<br>**DYSON, INC.** |

/s/ Richard P. Sybert/
Richard P. Sybert

Gordon & Rees LLP
633 West Fifth Street, Suite 4900
Los Angeles, CA 90071

ZRCAI/1063031/7882187v.1

GARRY VACUUM, LLC'S AND ENVION, LLC'S
AMENDED ANSWER AND COUNTERCLAIMS

Case No. CV10-1626 MMM (VBKx)