Lawrence I. Weinstein (*pro hac vice*)
(lweinstein@proskauer.com)
Brendan J. O'Rourke (*pro hac vice*)
(borourke@proskauer.com)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Facsimile: (212) 969-2900

Robert H. Horn (SBN 134710)
(rhorn@proskauer.com)
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Plaintiff and Counterdefendant
Dyson, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DYSON, INC., | CASE NO. CV 10-1626 MMM (VBKx) |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION** |
| GARRY VACUUM, LLC and ENVION, LLC, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

Pursuant to the stipulation by and among the parties to this action and good cause appearing,

IT IS HEREBY ORDERED:

## PURPOSES AND LIMITATIONS

1. Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Because the parties are competitors in the marketplace, and the claims address the parties' marketplace conduct, discovery will likely include the disclosure of proprietary and confidential business information, trade secrets, and other protectable information. Accordingly, the parties hereby stipulate to, and petition the court to enter, the following stipulated Protective Order. The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Any Protected Material (as defined below) submitted to the Court shall be submitted for filing under seal subject to Court approval. Local Rule 79-5 and General Order No. 10-07, § V.D, set forth the procedures that must be followed to file material under seal.

## DEFINITIONS

2. (a) <u>Party</u>. Any party to this action, including the party's officers, directors, and employees.

(b) <u>Disclosure or Discovery Material</u>. Information and tangible things, regardless of how created, stored, or maintained that are produced in disclosures or responses to discovery in this action. Discovery Material includes, among other things, transcripts of deposition testimony taken in this action and any

other form of discovery contemplated under rules 26 through 36 and 45 of the Federal Rules of Civil Procedure.

(c) <u>Producing Party</u>. A Party or nonparty that produces Disclosure or Discovery Material.

(d) <u>Receiving Party</u>. A Party that receives Disclosure or Discovery Material from a Producing Party.

(e) <u>Confidential Disclosure or Discovery Material</u>. Disclosure or Discovery Material that qualifies for protection as personal, business, proprietary, technical, scientific, or financial confidential information pursuant to the standards developed under Fed. R. Civ. P. 26(c). Confidential Disclosure or Discovery Material may be designated "CONFIDENTIAL" as described herein.

(f) <u>Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material</u>. Highly sensitive Confidential Disclosure or Discovery Material that, if known by another Party or nonparty, would create a substantial risk of injury to the Designating Party that could not be avoided by less restrictive means. Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as described herein.

(g) <u>Protected Material</u>. Confidential Disclosure or Discovery Material and Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material, collectively.

(h) <u>Designating Party</u>. A Party or nonparty that designates Protected Material.

(i) <u>In-House Counsel</u>. Attorneys (and their support staffs) who are employees of a Party.

(j) <u>Outside Counsel</u>. Attorneys (and their support staffs) who are not employees of a Party but who are retained to represent or advise a Party in this action.

2

       (k)    <u>Counsel (without qualifier)</u>. Outside Counsel and In-House Counsel (and their support staffs).

       (l)    <u>Expert</u>. A person with scientific, technical, or other specialized knowledge, skill, experience, training, or education in a matter pertinent to the action who has been (i) retained or specially employed by a Party or its Counsel to provide expert testimony at trial, or (ii) retained or specially employed by a Party or its Counsel in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. This definition includes a professional jury or trial consultant retained in connection with this action. No Party's Expert, however, may be a current or former employee of an opposing Party or an opposing Party's competitor who designs, manufactures, distributes, or sells upright vacuums.

       (m)    <u>Litigation Support Vendors</u>. Persons or entities that provide clerical-type litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, couriering, serving process, etc.) and their employees and subcontractors. This term *excludes* other vendors or independent contractors who provide non-clerical services that may be broadly construed as "supporting litigation," and who cannot qualify as an Expert (*e.g.*, private investigators, "consultants" providing factual information relevant to this litigation). No Party's Litigation Support Vendor, however, may be a current or former employee of an opposing Party or an opposing Party's competitor who designs, manufactures, distributes, or sells upright vacuums.

       (n)    <u>Final Disposition</u>. (1) Entry of judgment and either exhaustion of all appeals or expiration of the time in which to appeal; or (2) a settlement among all Parties and dismissal such that no action remains pending.

## SCOPE

3. The protections conferred by this Protective Order cover not only Protected Material, but also any information extracted from Protected Material, including, but not limited to, copies, excerpts, summaries, compilations, testimony, conversations, or pre-trial presentations by a Party or Counsel to or in court or in other settings that might reveal Protected Material to unauthorized persons.

## DURATION

4. Even after Final Disposition, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## DESIGNATING PROTECTED MATERIAL

5. (a) <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Designating Party that designates Disclosure or Discovery Material for protection under this Protective Order must do so in good faith and take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate as Protected Material only those parts of Disclosure or Discovery Material that qualify, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

    (b) <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, designation in conformity with this Protective Order requires:

        (i) <u>For written discovery responses and documents produced by a Party or nonparty</u>:

            (A) that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a conspicuous location on each page that contains Protected Material. If only a

portion or portions of the material on a page qualify for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins), and must specify, for each portion, the level of protection being asserted, either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Protective Order; then, before producing the specified documents, the Producing Party must affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in the manner set forth above.

(B)     In the event that a Producing Party produces Disclosure or Discovery Material that a Receiving Party believes constitutes its own personal, business, proprietary, technical, scientific, or financial confidential information that qualifies for protection pursuant to the standards developed under Fed. R. Civ. P. 26(c), the Receiving Party may designate the Disclosure or Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Then, the Producing Party (and any other Receiving Parties) must promptly take all reasonable and necessary measures to limit access to the Protected Material in accordance with this Protective Order, including retrieving previously disseminated copies of such Protected Material if necessary.  Upon taking these measures, the Producing Party (and any other Receiving Parties) shall promptly certify in writing to the Designating Party that such measures have been taken, describing the measures taken but in such a

manner so as not to reveal privileged attorney-client communications or attorney work product.  Within seven (7) days of the Designating Party's notification, the Producing Party must also re-produce the Protected Material with the appropriate legend affixed (either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY).

      This provision does not apply to Disclosure or Discovery Material created by any Party or nonparty at the direction of any Party (including, without limitation, any retained product testing company, consultant, or expert witness), or obtained from publicly available sources, except to the extent such Disclosure or Discovery Material contains or incorporates any nonpublic information of another Party that qualifies for protection as Confidential Disclosure or Discovery Material or Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material. Information that a Party or nonparty at the direction of a Party derives directly from testing or evaluating the performance, features, or specifications of another Party's vacuum cleaner(s) is information belonging to the Party conducting or commissioning the test or evaluation, and therefore cannot be designated by another Party as Confidential Disclosure or Discovery Material.

      In the event a Party challenges a Designating Party's designation under the provision of this paragraph 5(b)(i)(B), it is the Designating Party's obligation to bring a motion to seek relief from the Court.  Any such motion shall be filed within 14 days of receipt of a Party's written challenge to the designation.  During the 14-day period, the Parties shall afford the Protected Material in question the level of protection to which it would be entitled under the Designating Party's designation. If the Designating Party files a motion within the 14-day period, all parties shall continue to afford the Protected Material in question the level of protection to which it would be entitled under the Designating Party's designation until the Court rules on the challenge.  If the Designating Party does not file a motion within the 14-day period, the challenging Party shall have no obligation to treat the

challenged Disclosure or Discovery Material as Protected Material. The burden of persuasion in any such challenge proceeding shall be on the Designating Party to the extent provided by law.

          (ii)    <u>For deposition testimony</u>: that all information disclosed at a deposition shall be treated initially as HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY information. Fourteen (14) calendar days after receipt of the final draft of the transcript from the court reporter, the Designating Party shall identify and notify the court reporter of those portions of the transcript that are to remain designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY. After the fourteen (14) day period expires, all portions of the transcript not so identified shall be treated as non-confidential information. Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a conspicuous location, as instructed by the Designating Party. If the deposition was videotaped, the videographer shall likewise be notified of the portions of the deposition that are to remain designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within the fourteen (14) day period, and the Protected Material shall be similarly segregated on separate videotapes or disks and labeled accordingly.

          (iii)    <u>For information produced in some form other than documentary form, including any tangible items or electronic information</u>:

          (A)    that the Producing Party affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in a conspicuous location on the exterior of the container or containers in which the Protected Material is stored. If only a portion or portions of the material qualify for protection, the Producing Party, to the extent practicable, shall identify each protected portion, specifying whether it qualifies as CONFIDENTIAL or HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY.  For electronic information, to the extent practicable, the Producing Party shall affix the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY within the electronic information (*e.g.*, at the bottom of the page in a PDF file; in the footer of a Microsoft Word or Excel file) and indicate the appropriate designation in the filename (e.g., "CONF" or "HC-AEO"), but not if doing so will alter the Producing Party's original electronic file.

(B)    In the event that a Producing Party produces Disclosure or Discovery Material that a Receiving Party believes constitutes its own personal, business, proprietary, technical, scientific, or financial confidential information that qualifies for protection pursuant to the standards developed under Fed. R. Civ. P. 26(c), the Receiving Party may designate the Disclosure or Discovery Material as either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.  Then, the Producing Party (and any other Receiving Parties) must promptly take all reasonable and necessary measures to limit access to the Protected Material in accordance with this Protective Order, including retrieving previously disseminated copies of such Protected Material if necessary.  Upon taking these measures, the Producing Party (and any other Receiving Parties) shall promptly certify in writing to the Designating Party that such measures have been taken, describing the measures taken but in such a manner so as not to reveal privileged attorney-client communications or attorney work product.  Within seven (7) days of the Designating Party's notification, the Producing Party must also re-produce the Protected Material with the appropriate legend affixed (either CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY).

This provision does not apply to Disclosure or Discovery Material created by any Party or nonparty at the direction of any Party (including, without limitation, any retained product testing company, consultant, or expert witness), or

obtained from publicly available sources, except to the extent such Disclosure or Discovery Material contains or incorporates any nonpublic information of another Party that qualifies for protection as Confidential Disclosure or Discovery Material or Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material. Information that a Party or nonparty at the direction of a Party derives directly from testing or evaluating the performance, features, or specifications of another Party's vacuum cleaner(s) is information belonging to the Party conducting or commissioning the test or evaluation, and therefore cannot be designated by another Party as Confidential Disclosure or Discovery Material.

In the event a Party challenges a Designating Party's designation under the provision of this paragraph 5(b)(iii)(B), it is the Designating Party's obligation to bring a motion to seek relief from the Court. Any such motion shall be filed within 14 days of receipt of a Party's written challenge to the designation. During the 14-day period, the Parties shall afford the Protected Material in question the level of protection to which it would be entitled under the Designating Party's designation. If the Designating Party files a motion within the 14-day period, all parties shall continue to afford the Protected Material in question the level of protection to which it would be entitled under the Designating Party's designation until the Court rules on the challenge. If the Designating Party does not file a motion within the 14-day period, the challenging Party shall have no obligation to treat the challenged Disclosure or Discovery Material as Protected Material. The burden of persuasion in any such challenge proceeding shall be on the Designating Party to the extent provided by law.

6. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate Confidential Disclosure or Discovery Material, or Highly Confidential – Attorneys' Eyes Only Disclosure or Discovery Material, for protection as Protected Material does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such Disclosure or

Discovery Material. If a Designating Party appropriately designates Disclosure or Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY after it was initially produced, the other Parties or nonparties, on timely notification of the designation by the Designating Party, must make reasonable efforts to assure that such Protected Material is treated in accordance with the provisions of this Protective Order.

### CHALLENGING CONFIDENTIALITY DESIGNATIONS

7. (a) <u>Timing of Challenges; Lack of Waiver</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. Neither a Party's acknowledgment of another Party's or nonparty's designation of Protected Material, nor the Party's treatment of the Protected Material in accordance with this Protective Order, constitute acquiescence in the propriety of the designation or a waiver of the Party's right to challenge it.

(b) <u>Meet and Confer</u>. A Party that initiates a challenge to a Designating Party's confidentiality designation must do so in good faith and in accordance with Local Rule 37-1.

(c) <u>Judicial Intervention</u>. A Party that challenges a confidentiality designation may file and serve a motion and the required joint stipulation in compliance with Local Rule 37-2, as well as Local Rule 79-5 and General Order No. 10-07, § V.D (regarding the filing of documents under seal). The burden of persuasion in any such challenge proceeding shall be on the Designating Party to the extent provided by law. Until the Court rules on the challenge, all parties shall continue to afford the Protected Material in question the level of protection to which it would be entitled under the Designating Party's designation.

**ACCESS TO AND USE OF PROTECTED MATERIAL**

8. (a) <u>Basic Principles</u>.  A Party may use another Party's or nonparty's Protected Material only for prosecuting or defending this action. Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  Upon Final Disposition of this action, a Party must comply with paragraph 12 (FINAL DISPOSITION), below.  A Party must store and maintain another Party's or nonparty's Protected Material at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order, except that Experts authorized to access such Protected Material pursuant to this Protective Order may store and maintain copies of such Protected Materials in a secure manner as necessary for their participation in this litigation.

(b) <u>Disclosure of Protected Material Designated CONFIDENTIAL</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Party may disclose another Party's or nonparty's Protected Material designated CONFIDENTIAL only to:

(i) The Party's Outside Counsel of record in this action, and employees of said Outside Counsel to whom it is reasonably necessary to disclose the Protected Material for purposes of this litigation;

(ii) The Party's In-House Counsel to whom disclosure is reasonably necessary for purposes of this litigation;

(iii) The Party's officers, directors and employees to whom disclosure is reasonably necessary for this litigation;

(iv) The Party's disclosed and undisclosed Experts to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (the signed original shall be maintained by the Party who retained the Expert and, in the case of disclosed Experts, a copy shall be produced to the opposing Party);

    (v)  The Court and its personnel;

    (vi)  Mediators agreed to by the Parties or ordered by the Court who have signed two copies of the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (one signed original shall be maintained by Dyson's Counsel, and the other by Garry Vacuum and Envion's Counsel);

    (vii)  The jury for purposes of trial;

    (viii)  Certified stenographic reporters and videographers retained in connection with this action, and their staffs, who have signed copies of the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A (one signed original shall be maintained by Dyson's counsel, and the other by Garry Vacuum and Envion's counsel);

    (ix)  Litigation Support Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A (the signed original shall be maintained by the Party who retained the Litigation Support Vender);

    (x)  During their depositions, third party witnesses in this action and their attorneys to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (signed originals shall be marked as exhibits to the deposition and maintained in the same manner as other exhibits).  If a third party witness or the third party witness's attorney declines to sign the "Agreement to Be Bound by Protective Order," the Parties shall promptly present the issue to a court of appropriate jurisdiction.  In the meantime, the deposition shall proceed to the extent practicable, and resume upon such terms as the court orders or the Parties and third party witness (and the third party witness's attorney) agree; and

    (xi)  The author of the document, a recipient of the document as indicated on the face of the document, or the original source of the information.

1     (c)     **Disclosure of Protected Material Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Party may disclose any information or item designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY only to:

(i)     The Party's Outside Counsel of record in this action, and employees of said Outside Counsel to whom it is reasonably necessary to disclose the Protected Material for purposes of this litigation;

(ii)    The Party's Experts to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (the signed original shall be maintained by the Party who retained the Expert, and a copy shall be produced to the opposing Party), subject to the procedures set forth in paragraph (d), below;

(iii)   The Court and its personnel;

(iv)    Mediators agreed to by the Parties or ordered by the Court who have signed two copies of the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (one signed original shall be maintained by Dyson's Counsel, and the other by Garry Vacuum and Envion's Counsel);

(v)     The jury for purposes of trial;

(vi)    Certified stenographic reporters and videographers retained in connection with this Action, and their staffs, who have signed two copies of the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A (one signed original shall be maintained by Dyson's counsel, and the other by Garry Vacuum and Envion's counsel);

(vii)   Litigation Support Vendors to whom disclosure is reasonably necessary for this litigation, and who have signed the "Agreement To Be Bound By Protective Order" that is attached hereto as Exhibit A (the signed

original shall be maintained by the Party who retained the Litigation Support Vendor);

(viii) During their depositions, third party witnesses in the action and their attorneys to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A (signed originals shall be marked as exhibits to the deposition and maintained in the same manner as other exhibits).  If a third party witness or the third party witness's attorney declines to sign the "Agreement to Be Bound by Protective Order," the Parties shall promptly present the issue to a court of appropriate jurisdiction.  In the meantime, the deposition shall proceed to the extent practicable, and resume upon such terms as the court orders or the Parties and third party witness (and the third party witness's attorney) agree; and

(ix) The author of the document, a recipient of the document as indicated on the face of the document, or the original source of the information.

(d) <u>Procedures for Approving Disclosure of Protected Material Designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to Experts</u>.

(i) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose any Protected Material that has been designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to an Expert first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the Expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the

case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

(ii) A Party that makes a request and provides the information specified in the immediately preceding subparagraph may disclose the subject Protected Material to the identified Expert unless, within seven (7) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based, and be reasonably made.

(iii) A Party that receives a timely written objection must meet and confer with the Designating Party in the manner provided by Local Rule 37-1.

(iv) If no agreement is reached, the Receiving Party may file and serve a motion and required joint stipulation in compliance with Local Rule 37-2, as well as Local Rule 79-5 and General Order No. 10-07, § V.D (regarding the filing of documents under seal), seeking permission to disclose the subject Protected Material to the identified Expert. In any such proceeding, the Designating Party shall bear the burden of persuasion to the extent provided by law.

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

9. If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any other Party's or nonparty's Protected Material, the Party must notify the Designating Party in writing (by e-mail, if possible, and U.S. mail) within a reasonable time and in no event more than fourteen (14) days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order unless there is a confidentiality restriction with respect to such subpoena or order. Within the same fourteen (14) day period, the Party also must: (a) provide written notice to the person or entity who caused

1  the subpoena or order to issue in the other litigation that some or all the material
2  covered by the subpoena or order is the subject of this Protective Order; and
3  (b) deliver a copy of this Protective Order promptly to the party in the other action
4  that caused the subpoena or order to issue.  The purpose of imposing these duties is
5  to alert the interested parties to the existence of this Protective Order and to afford
6  the Designating Party in this case an opportunity to try to protect its confidentiality
7  interests in the court from which the subpoena or order issued.  The Designating
8  Party shall bear the burden and the expense of seeking protection of its confidential
9  material in that court.  Nothing in this paragraph should be construed as
10 authorizing or encouraging a Party in this action to disobey a lawful directive from
11 another court.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

13      10.    If a Party learns, by inadvertence or otherwise, that it has disclosed
14 Protected Material to any person or in any circumstance not authorized under this
15 Protective Order, the Party must immediately (a) notify in writing the Designating
16 Party of the unauthorized disclosure, (b) use its best efforts to retrieve all copies of
17 the Protected Material, (c) inform the person to whom unauthorized disclosure was
18 made of all terms of this Protective Order, and (d) request such person to execute
19 the "Agreement to Be Bound by Protective Order" that is attached hereto as
20 Exhibit A (the signed original shall be maintained by the Party who disclosed the
21 Protected Material).

## FILING PROTECTED MATERIAL

23      11.    If a Party wishes to submit Protected Material to the Court, the Party
24 shall submit the Protected Material for filing under seal subject to Court approval.
25 A Party that seeks to file under seal any Protected Material must comply with
26 Local Rule 79-5 and General Order No. 10-07, § V.D.

## FINAL DISPOSITION

12. Unless otherwise ordered or agreed in writing by the Designating Party, within sixty (60) days after the final termination of this action, each Party must destroy or return to the Designating Party such Designating Party's Protected Material. As part of this process, each Expert must destroy or return to the Party who retained him or her all other Parties' or nonparties' Protected Material. "Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Party must submit a written certification to the Designating Party (and, if not the same person or entity, to the Producing Party) by the sixty (60) day deadline that attests to either the return or destruction of the Designating Party's Protected Material and affirms that neither the Party nor its Experts have retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. This written certification must be signed by the Party's In-House and Outside Counsel. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in paragraph 4 (DURATION), above.

## MISCELLANEOUS

13. Persons present at any deposition or pre-trial proceeding or hearing at which Protected Material is about to be disclosed who are not authorized to receive such Protected Material may be asked by the Party or nonparty whose Protected Material is at issue to leave the room until the disclosure and related discussion is complete.

14. The restrictions and obligations set forth herein shall not apply to any information that: (a) the Parties agree is not Protected Material; or (b) the Parties agree, or the Court rules, is already public knowledge.

15. (a) <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

(b) <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

Dated: __November 29, 2010__                 _____/s/_____
                                             Victor B. Kenton
                                             United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read and understand the Protective Order in its entirety that was issued by the United States District Court, Central District of California, on _____[date] in the case of *Dyson, Inc. v. Garry Vacuum, LLC and Envion, LLC*, CV 10-1626 MMM (VBKx).  I agree to comply with and to be bound by all the terms of the Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California (or, for depositions taken outside said district pursuant to subpoena, the court that issued the subpoena), for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my agent for service of process in connection with this action or any proceedings related to enforcement of the Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

19